# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## MARSHALL DIVISION

| | | |
|---|---|---|
| POSITIVE TECHNOLOGIES INC., | § | |
| *Plaintiff*, | § | Civil Action No. 2:10-CV-263-TJW-CE |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| SONY ELECTRONICS, INC., ET AL | § | |
| *Defendants*. | § | |

## DEFENDANT KOBO INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Kobo Inc. ("Kobo"), defendant in the above-entitled civil action, hereby answers Positive Technologies, Inc.'s ("Positive") Original Complaint (the "Complaint"), and asserts counterclaims as follows:

## NATURE OF THE ACTION

1. Kobo admits that Exhibits A through C appear to be copies of (1) U.S. Patent No. 5,444,457, titled "DC Integrating Display Driver Employing Pixel Status Memories" ("the '457 patent"); U.S. Patent No. 5,627,558, titled "DC Integrating Display Driver Employing Pixel Status Memories" ("the '558 patent"); and (3) U.S. Patent No. 5,831,588, titled "DC Integrating Display Driver Employing Pixel Status Memories" ("the '588 patent") (collectively the "Positive Patents-in-Suit").  Kobo denies all remaining allegations of Paragraph 1 of the complaint.

2. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 2 of Positive's Complaint, and on that basis denies them.

3. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 3 of Positive's Complaint, and on that basis denies them.

4.  Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 4 of Positive's Complaint, and on that basis denies them.

5.  Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 5 of Positive's Complaint, and on that basis denies them.

6.  Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 6 of Positive's Complaint, and on that basis denies them.

7.  Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 7 of Positive's Complaint, and on that basis denies them.

8.  Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 8 of Positive's Complaint, and on that basis denies them.

9.  Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 9 of Positive's Complaint, and on that basis denies them.

10. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 10 of Positive's Complaint, and on that basis denies them.

11. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 11 of Positive's Complaint, and on that basis denies them.

12. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 12 of Positive's Complaint, and on that basis denies them.

13. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 13 of Positive's Complaint, and on that basis denies them.

14. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 14 of Positive's Complaint, and on that basis denies them.

15. Kobo admits that it has a principal place of business in Toronto, Canada in the Province of Ontario.  Kobo denies all remaining allegations of Paragraph 15 of Positive's Complaint.

## JURISDICTION AND VENUE

16. Kobo admits that this action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.,* including 35 U.S.C. § 271 and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that there has been any infringement of any valid claim of the Positive Patents-in-Suit).

17. Kobo denies the allegations of Paragraph 17 of Positive's Complaint as they relate to Kobo.

18. Kobo denies that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

19. Kobo denies that this Court is the most convenient venue.  Kobo is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 19 of Positive's Complaint, and on that basis denies them.

## FACTUAL BACKGROUND

20. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 20 of Positive's Complaint, and on that basis denies them.

21.   Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 21 of Positive's Complaint, and on that basis denies them.

22. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 22 of Positive's Complaint, and on that basis denies them.

23. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 23 of Positive's Complaint, and on that basis denies them.

24. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 24 of Positive's Complaint, and on that basis denies them.

25. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 25 of Positive's Complaint, and on that basis denies them.

26. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 26 of Positive's Complaint, and on that basis denies them.

## COUNT 1 - INFRINGEMENT OF U.S. PATENT NO. 5,444,457

27. Kobo incorporates by reference its responses to Paragraphs 1-26 as if fully set forth herein.

28. Kobo admits that the '457 patent was issued on August 22, 1995 .  Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 28 of Positive's Complaint, and on that basis denies them.

29. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 29 of Positive's Complaint, and on that basis denies them.

30. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 31 of Positive's Complaint, and on that basis denies them.

31. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 31 of Positive's Complaint, and on that basis denies them.

32. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 32 of Positive's Complaint, and on that basis denies them.

33. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 33 of Positive's Complaint, and on that basis denies them.

34. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 34 of Positive's Complaint, and on that basis denies them.

35. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 35 of Positive's Complaint, and on that basis denies them.

36. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 36 of Positive's Complaint, and on that basis denies them.

37. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 37 of Positive's Complaint, and on that basis denies them.

38. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 38 of Positive's Complaint, and on that basis denies them.

39. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 39 of Positive's Complaint, and on that basis denies them.

40. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 40 of Positive's Complaint, and on that basis denies them.

41. Denied.

42. Denied as to Kobo.  Kobo is without knowledge or sufficient information to form a belief regarding the remaining allegations of Paragraph 42 of Positive's Complaint, and on that basis denies them.

43. Kobo is without knowledge or sufficient information to form a belief regarding the allegations of Paragraph 43 of Positive's Complaint, and on that basis denies them.

To the extent these allegations, which are directed to Sony, are somehow directed to Kobo, Kobo denies them.

44. Denied as to Kobo.  Kobo is without knowledge or sufficient information to form a belief regarding the remaining allegations of Paragraph 44 of Positive's Complaint, and on that basis denies them.

## COUNT II - INFRINGEMENT OF U.S. PATENT 5, 627,558

45. Kobo incorporates by reference its responses to Paragraphs 1-44 as if fully set forth herein.

46. Kobo admits that the '558 patent was issued on May 6, 1997.  Kobo is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 46 of Positive's Complaint, and on that basis denies them.

47. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 47 of Positive's Complaint, and on that basis denies them.

48. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 48 of Positive's Complaint, and on that basis denies them.

49. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 49 of Positive's Complaint, and on that basis denies them.

50. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 50 of Positive's Complaint, and on that basis denies them.

51. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 51 of Positive's Complaint, and on that basis denies them.

52. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 52 of Positive's Complaint, and on that basis denies them.

53. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 53 of Positive's Complaint, and on that basis denies them.

54. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 54 of Positive's Complaint, and on that basis denies them.

55. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 55 of Positive's Complaint, and on that basis denies them.

56. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 56 of Positive's Complaint, and on that basis denies them.

57. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 57 of Positive's Complaint, and on that basis denies them.

58. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 58 of Positive's Complaint, and on that basis denies them.

59. Denied.

60. Denied as to Kobo.  Kobo is without knowledge or sufficient information to form a belief regarding the remaining allegations of Paragraph 60 of Positive's Complaint, and on that basis denies them.

61. Kobo is without knowledge or sufficient information to form a belief regarding the allegations of Paragraph 61 of Positive's Complaint, and on that basis denies them. To the extent these allegations, which are directed at Sony, are somehow directed to Kobo, Kobo denies them.

62. Denied as to Kobo.  Kobo is without knowledge or sufficient information to form a belief regarding the remaining allegations of Paragraph 62 of Positive's Complaint, and on that basis denies them.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,831,588

63. Kobo incorporates by reference its responses to Paragraphs 1-62 as if fully set forth herein.

64. Kobo admits that the '588 patent was issued on November 3, 1998.  Kobo is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 64 of Positive's Complaint, and on that basis denies them.

65. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 65 of Positive's Complaint, and on that basis denies them.

66. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 66 of Positive's Complaint, and on that basis denies them.

67. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 67 of Positive's Complaint, and on that basis denies them.

68. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 68 of Positive's Complaint, and on that basis denies them.

69. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 69 of Positive's Complaint, and on that basis denies them.

70. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 70 of Positive's Complaint, and on that basis denies them.

71. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 71 of Positive's Complaint, and on that basis denies them.

72. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 72 of Positive's Complaint, and on that basis denies them.

73. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 73 of Positive's Complaint, and on that basis denies them.

74. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 74 of Positive's Complaint, and on that basis denies them.

75. Kobo is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 75 of Positive's Complaint, and on that basis denies them.

76. Denied.

77. Denied as to Kobo.  Kobo is without knowledge or sufficient information to form a belief regarding the remaining allegations of Paragraph 77 of Positive's Complaint, and on that basis denies them.

78. Kobo is without knowledge or sufficient information to form a belief regarding the allegations of Paragraph 78 of Positive's Complaint, and on that basis denies them. To the extent these allegations, which are directed to Sony, are somehow directed at Kobo, Kobo denies them.

79. Denied as to Kobo.  Kobo is without knowledge or sufficient information to form a belief regarding the remaining allegations of Paragraph 79 of Positive's Complaint, and on that basis denies them.

## DEMAND FOR JURY TRIAL

80. Kobo admits that Plaintiff requests a trial by jury.

## DEFENSES

Further answering the Complaint, Kobo asserts the following defenses.  Kobo reserves the right to amend its answer with additional defenses as further information is obtained.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

As and for a separate affirmative defense, Kobo alleges that it has not and does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the Positive Patents-in-Suit, literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

As and for a separate affirmative defense, Kobo alleges on information and belief that one or more claims of each of the Positive Patents-in-Suit are invalid for failing to comply with the provisions of patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

### THIRD AFFIRMATIVE DEFENSE
### (Patent Marking)

As and for a separate affirmative defense, Kobo alleges on information and belief that any claim for damages for patent infringement by Positive is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notices of infringement.

### FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

As and for a separate affirmative defense, Kobo alleges on information and belief that Positive's recovery for alleged infringement of the Positive Patents-in-Suit, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its claims, pursuant to 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

As and for a separate affirmative defense, by reason of proceedings in the Patent and Trademark Office during the prosecution of the application that resulted in the Positive Patents-in-Suit, as shown by their file histories, and by any reason of the amendment, cancellation or abandonment of claims, and the admissions and other amendments made therein by or on behalf of the patentee, Positive is estopped to claim a construction of any of the Positive Patents-in-Suit that would cause any valid claim thereof to cover or include any product manufactured, used, sold or offered for sale by Kobo.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

As and for a separate affirmative defense, Kobo alleges that this Court lacks personal jurisdiction over Kobo.

## SEVENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

As and for a separate affirmative defense, Kobo alleges that venue in this Court is not proper under 28 U.S.C. §1400.

## KOBO'S COUNTERCLAIMS

Counterclaimant Kobo Inc. brings the following counterclaims against Counter-defendant Positive.

1.   Kobo Inc. is a corporation with its principal place of business in Toronto, Canda, in the Province of Ontario.

2.   According to Paragraph 2 of the Complaint, Positive Technologies, Inc. is a California corporation.

11

**JURISDICTION**

3.   This Court has personal jurisdiction over Positive pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

**FIRST COUNTERCLAIM**
**(Declaration of Non-Infringement of the '457 Patent)**

4.   Kobo incorporates and realleges paragraphs 1-3 of these counterclaims.

5.   Positive alleges that it is the owner of the '457 patent, and Positive brought suit against Kobo for infringement of the '457 patent.

6.   The '457 patent is not infringed by any products made, used, sold, offered for sale in, or imported into the United States by Kobo.

7.   An actual case or controversy exists between Positive and Kobo because Positive filed a Complaint against Kobo alleging infringement of the '457 patent.

8.   Kobo has been injured and damaged by Positive filing of a Complaint asserting infringement of the '457 patent, which is not infringed by Kobo.

9.   Declaratory relief is both appropriate and necessary to establish that the '457 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Kobo.

**SECOND COUNTERCLAIM**
**(Declaration of Invalidity of the '457 Patent)**

10.  Kobo incorporates and realleges paragraphs 1 through 3 of these counterclaims.

11.  Positive alleges it is the owner of the '457 patent, and Positive brought suit against Kobo for infringement of the '457 patent.

12. The '457 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 112 and 132.

13. An actual case or controversy exists between Positive and Kobo because Positive filed a Complaint against Kobo alleging infringement of the '457 patent.

14. Kobo has been injured and damaged by Positive filing a Complaint asserting infringement of the '457 patent, which is invalid.

15. Declaratory relief is both appropriate and necessary to establish that the '457 patent is invalid.

### THIRD COUNTERCLAIM
### (Declaration of Non-Infringement of the '558 Patent)

16. Kobo incorporates and realleges paragraphs 1-3 of these counterclaims.

17. Positive alleges that it is the owner of the '558 patent, and Positive brought suit against Kobo for infringement of the '558 patent.

18. The '558 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Kobo.

19. An actual case or controversy exists between Positive and Kobo because Positive filed a Complaint against Kobo alleging infringement of the '558 patent.

20. Kobo has been injured and damaged by Positive filing of a Complaint asserting infringement of the '558 patent, which is not infringed by Kobo.

21. Declaratory relief is both appropriate and necessary to establish that the '558 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Kobo.

## FOURTH COUNTERCLAIM
### (Declaration of Invalidity of the '558 Patent)

22. Kobo incorporates and realleges paragraphs 1 through 3 of these counterclaims.

23. Positive alleges it is the owner of the '558 patent, and Positive brought suit against Kobo for infringement of the '558 patent.

24. The '558 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

25. An actual case or controversy exists between Positive and Kobo because Positive filed a Complaint against Kobo alleging infringement of the '558 patent.

26. Kobo has been injured and damaged by Positive filing a Complaint asserting infringement of the '558 patent, which is invalid.

27. Declaratory relief is both appropriate and necessary to establish that the '558 patent is invalid.

## FIFTH COUNTERCLAIM
### (Declaration of Non-Infringement of the '588 Patent)

28. Kobo incorporates and realleges paragraphs 1-3 of these counterclaims.

29. Positive alleges that it is the owner of the '588 patent, and Positive brought suit against Kobo for infringement of the '588 patent.

30. The '588 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Kobo.

31. An actual case or controversy exists between Positive and Kobo because Positive filed a Complaint against Apple alleging infringement of the '588 patent.

32. Kobo has been injured and damaged by Positive filing of a Complaint asserting infringement of the '588 patent, which is not infringed by Kobo.

33. Declaratory relief is both appropriate and necessary to establish that the '588 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Kobo.

**SIXTH COUNTERCLAIM**
**(Declaration of Invalidity of the '588 Patent)**

34. Kobo incorporates and realleges paragraphs 1-3 of these counterclaims.

35. Positive alleges that it is the owner of the '588 patent, and Positive brought suit against Kobo for infringement of the '588 patent.

36. The '558 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

37. An actual case or controversy exists between Positive and Kobo because Positive filed a Complaint against Apple alleging infringement of the '588 patent.

38. Kobo has been injured and damaged by Positive filing of a Complaint asserting infringement of the '588 patent, which is invalid.

39. Declaratory relief is both appropriate and necessary to establish that the '588 patent is invalid.

**KOBO'S PRAYER FOR RELIEF**

WHEREFORE, Kobo Inc. prays for relief as follows:

40. That Positive's Complaint be dismissed with prejudice and that Positive recover nothing thereon;

15

41. A declaration that Kobo has not infringed and is not infringing, directly or indirectly, any claims of the Positive Patents-in-Suit;

42. A declaration that the Positive Patents-in-Suit are invalid;

43. For costs and attorneys' fees in connection with the Complaint and the Counterclaims pursuant to 35 U.S.C. § 285;

44. For interest thereon at the legal rate; and

45. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Kobo demands a trial by jury on Positive's Complaint and Kobo's Counterclaims for all issues so triable.

DATED:  December 7, 2010                    Respectfully submitted,


                                            */s/ Robert T. Haslam*
                                            Robert T. Haslam
                                            CA State Bar No. 71134
                                            rhaslam@cov.com
                                            COVINGTON & BURLING LLP
                                            333 Twin Dolphin Drive, Suite 700
                                            Redwood Shores, CA  94065
                                            Tel:  (650) 632-4702
                                            Fax:  (650) 632-4802

                                            ***Counsel for Kobo Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 7th day of December 2010.


*/s/ Robert T. Haslam*
Robert T. Haslam