IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| POSITIVE TECHNOLOGIES INC. | § § § | |
| Plaintiff | § § | CIVIL ACTION NO. |
| v. | § § | 2:10-cv-263-TJW-CE |
| SONY ELECTRONICS INC., ET AL., | § § § | |
| Defendants | § § | |

### CHUNGHWA PICTURE TUBES, LTD.'S COMPLAINT IN INTERVENTION

Intervenor Chunghwa Picture Tubes, Ltd. ("**CPT**") alleges the following in support of its Complaint in Intervention against Plaintiff Positive Technologies Inc.:

### NATURE OF THE ACTION

1. This complaint is for a declaration of CPT's, and by implication each of its customer's, right to make, use, sell, offer to sell, and import in the United States CPT's LCD display panels free of liability for infringement of any of U.S. Patents No. 5,444,457 (the "**'457 Patent**"); 5,627,558 (the "**'558 Patent**"); and 5,831,588 (the "**'588 Patent**") (collectively, the "**Patents**"). Specifically, CPT seeks a declaration that its LCD display panels do not infringe any of the Patents and that the Patents are invalid.

### THE PARTIES

2. CPT is a Taiwanese corporation with its principal place of business at 1127, Heping Rd., Bade City, Taoyuan, Taiwan, 334, R.O.C.

3.  CPT manufactures LCD display panels used in LCD televisions, monitors, notebooks, netbooks and other consumer electronics. Consumer electronics manufacturers incorporate CPT's LCD display panels into their products.

4.  On information and belief, Positive Technologies Inc ("**Plaintiff**") is a California corporation with its principal place of business at 1005 Goldeneye View, Carlsbad, California, 92011.

5.  On information and belief, Plaintiff is in the business of acquiring, holding, and enforcing patents, including the Patents asserted against several CPT customers in this Civil Action No. 2:10-cv-263-TJW-CE (the "**Underlying Action**").

## JURISDICTION AND VENUE

6.  This action concerns federal questions arising under the patent laws of the United States, including Chapters 10, 11, and 28 of Title 35 of the United States Code. This Court has subject-matter jurisdiction over this action at least because the same relief is sought by named defendants to Plaintiff's patent-infringement claims in the Underlying Action and because the Court has subject-matter jurisdiction over the claims for declaratory relief under Sections 1331, 1338, 2201, and 2202 of Title 28 of the United States Code.

7.  This Court has personal jurisdiction over Plaintiff at least because Plaintiff filed the Underlying Action in this Court.

8.  Venue is proper in this judicial district under Sections 1391 and 1400 of Title 28 of the United States Code.

## FACTUAL BACKGROUND

9.  CPT makes LCD display panels that its customers incorporate into their consumer-electronics products.

10.     In the Underlying Action, Plaintiff claims that several CPT customers, including Acer America Corporation, Gateway Inc., Asus Computer International, MSI Computer Corporation, and ViewSonic Corporation infringe one or more of the Patents by making, using, selling, offering to sell, or marketing products "incorporating an LCD display panel utilizing display acceleration techniques claimed" in one or more of the Patents.

11.     Several of CPT's customers have demanded that CPT indemnify them for any liability for infringement of the Patents based on the customer's incorporation of CPT's LCD display panels into the customer's products.

12.     Plaintiff has a history of asserting one or more of the Patents in litigation and, on information and belief, in royalty demands against other potential or actual CPT customers.

13.     Plaintiff's allegations have placed CPT in the position of abandoning its right to sell LCD display panels to customers that serve the United States market or potentially incurring liability for infringement of the Patents.

## FIRST CAUSE OF ACTION

### (Declaratory judgment of non-infringement of the '457 Patent)

14.     CPT's LCD display panels do not embody any claim of the '457 Patent.

15.     CPT does not directly or indirectly infringe any claim of the '457 Patent through its LCD display panels.

16.     CPT's customers, including Acer America Corporation, Gateway Inc., Asus Computer International, MSI Computer Corporation, and ViewSonic Corporation, do not infringe any claim of the '457 Patent by virtue of the customer's making, using, selling, offering to sell, or importing products that incorporate CPT's LCD display panels.

17. A judicial declaration that CPT's LCD display panels and products incorporating the LCD display panels do not embody any claim of the '457 Patent, and that making, using, selling, offering to sell, or importing the LCD display panels or products incorporating the LCD display panels is not infringement of any claim of the '457 Patent, is essential to ascertaining CPT's and its customers' rights with respect to making, using, selling, offering to sell, or importing the LCD display panels and products incorporating the LCD display panels.

18. Pursuant to 28 U.S.C. §§ 2201 and 2201, CPT is entitled to a declaration from the Court that CPT's LCD display panels and products incorporating the LCD display panels do not embody any claim of the '457 Patent and that making, using, selling, offering to sell, or importing the LCD display panels or products incorporating the LCD display panels is not infringement of any claim of the '457 Patent.

## SECOND CAUSE OF ACTION

### (Declaratory judgment of non-infringement of the '558 Patent)

19. CPT's LCD display panels do not embody any claim of the '558 Patent.

20. CPT does not directly or indirectly infringe any claim of the '558 Patent through its LCD display panels.

21. CPT's customers, including Acer America Corporation, Gateway Inc., Asus Computer International, MSI Computer Corporation, and ViewSonic Corporation, do not infringe any claim of the '558 Patent by virtue of the customer's making, using, selling, offering to sell, or importing products that incorporate CPT's LCD display panels.

22. A judicial declaration that CPT's LCD display panels and products incorporating the LCD display panels do not embody any claim of the '558 Patent, and that making, using, selling, offering to sell, or importing the LCD display panels or products incorporating the LCD

display panels is not infringement of any claim of the '558 Patent, is essential to ascertaining CPT's and its customers' rights with respect to making, using, selling, offering to sell, or importing the LCD display panels and products incorporating the LCD display panels.

23. Pursuant to 28 U.S.C. §§ 2201 and 2201, CPT is entitled to a declaration from the Court that CPT's LCD display panels and products incorporating the LCD display panels do not embody any claim of the '558 Patent and that making, using, selling, offering to sell, or importing the LCD display panels or products incorporating the LCD display panels is not infringement of any claim of the '558 Patent.

**THIRD CAUSE OF ACTION**

**(Declaratory judgment of non-infringement of the '588 Patent)**

24. CPT's LCD display panels do not embody any claim of the '588 Patent.

25. CPT does not directly or indirectly infringe any claim of the '588 Patent through its LCD display panels.

26. CPT's customers, including Acer America Corporation, Gateway Inc., Asus Computer International, MSI Computer Corporation, and ViewSonic Corporation, do not infringe any claim of the '588 Patent by virtue of the customer's making, using, selling, offering to sell, or importing products that incorporate CPT's LCD display panels.

27. A judicial declaration that CPT's LCD display panels and products incorporating the LCD display panels do not embody any claim of the '588 Patent, and that making, using, selling, offering to sell, or importing the LCD display panels or products incorporating the LCD display panels is not infringement of any claim of the '588 Patent, is essential to ascertaining CPT's and its customers' rights with respect to making, using, selling, offering to sell, or importing the LCD display panels and products incorporating the LCD display panels.

28. Pursuant to 28 U.S.C. §§ 2201 and 2201, CPT is entitled to a declaration from the Court that CPT's LCD display panels and products incorporating the LCD display panels do not embody any claim of the '588 Patent and that making, using, selling, offering to sell, or importing the LCD display panels or products incorporating the LCD display panels is not infringement of any claim of the '588 Patent.

## FOURTH CAUSE OF ACTION

### (Declaratory judgment of invalidity of the '457 Patent)

29. Each claim of the '457 Patent is invalid for failure to comply with the requirements for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

30. A judicial declaration that each claim of '457 Patent is invalid is essential to ascertaining CPT's and its customers' rights with respect to making, using, selling, offering to sell, or importing CPT's LCD display panels and products incorporating the LCD display panels.

31. Pursuant to 28 U.S.C. §§ 2201 and 2201, CPT is entitled to a declaration from the Court that each claim of the '457 Patent is invalid.

## FIFTH CAUSE OF ACTION

### (Declaratory judgment of invalidity of the '558 Patent)

32. Each claim of the '558 Patent is invalid for failure to comply with the requirements for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

33. A judicial declaration that each claim of '558 Patent is invalid is essential to ascertaining CPT's and its customers' rights with respect to making, using, selling, offering to sell, or importing CPT's LCD display panels and products incorporating the LCD display panels.

34. Pursuant to 28 U.S.C. §§ 2201 and 2201, CPT is entitled to a declaration from the Court that each claim of the '558 Patent is invalid.

## SIXTH CAUSE OF ACTION

### (Declaratory judgment of invalidity of the '588 Patent)

35. Each claim of the '588 Patent is invalid for failure to comply with the requirements for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

36. A judicial declaration that each claim of '588 Patent is invalid is essential to ascertaining CPT's and its customers' rights with respect to making, using, selling, offering to sell, or importing CPT's LCD display panels and products incorporating the LCD display panels.

37. Pursuant to 28 U.S.C. §§ 2201 and 2201, CPT is entitled to a declaration from the Court that each claim of the '588 Patent is invalid.

## EXCEPTIONAL CASE

38. To the extent that this is an exceptional case under 35 U.S.C. § 285, CPT is entitled to recover from Plaintiff the cost and attorney's fees that CPT incurred in connection with this action.

## PRAYER FOR RELIEF

CPT respectfully requests that the Court:

A. Enter judgment declaring that CPT's LCD display panels to not embody any claim of the '457, '558, or '588 Patents;

B. Enter judgment declaring that making, using, selling, offering to sell, or importing CPT's LCD display panels is not infringement of any claim of the '457, '558, or '588 Patents;

C.    Enter judgment declaring that making, using, selling, offering to sell, or importing products incorporating CPT's LCD display panels is not infringement of any claim of the '457, '558, or '588 Patents;

D.    Enter judgment declaring that each claim of the '457, '558, or '588 Patents is invalid;

E.    Enter judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding CPT is costs and attorney's fees incurred in this action;

F.    Award CPT all such other and further relief at law or in equity that the Court deems proper.

## JURY DEMAND

CPT demands a trial by jury on all issues so triable.

Dated: December 14, 2010

Respectfully submitted,

 /s/ John R. Emerson
John R. Emerson
Texas State Bar No. 24002053
russ.emerson@haynesboone.com
Donald E. Tiller
Texas State Bar No. 24066197
don.tiller@haynesboone.com

HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

ATTORNEYS FOR
CHUNGHWA PICTURE TUBES, LTD.