Perry R. Clark (California Bar No. 197101)
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248-5817
Facsimile: (650) 618-8533
Email: perry@perryclarklaw.com

J. Scott Denko (*Pro Hac Vice*) (Texas State Bar No. 00792457)
Bradley D. Coburn (*Pro Hac Vice*) (Texas State Bar No. 24036377)
Steven J. Lauff (*Pro Hac Vice*) (Texas State Bar No. 24013011)
DENKO COBURN & LAUFF LLP
816 Congress Ave., Suite 1205
Austin, TX 78701
Telephone: (512) 906-2074
Facsimile: (512) 906-2075
Email: denko@dcllegal.com
        coburn@dcllegal.com
        lauff@dcllegal.com

*ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE*

Counsel for Plaintiff
POSITIVE TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **POSITIVE TECHNOLOGIES, INC.,** ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **SONY ELECTRONICS, INC., ACER** ) <br> **AMERICA CORPORATION, GATEWAY,** ) <br> **INC., DELL, INC., ASUS COMPUTER** ) <br> **INTERNATIONAL, LENOVO (UNITED** ) <br> **STATES) INC., MSI COMPUTER** ) <br> **CORPORATION, AMAZON.COM, INC.,** ) <br> **BARNES & NOBLE, INC., AND KOBO** ) <br> **INC.,** ) <br> ) <br> **Defendants,** ) <br> ) | **Case No.: 11-CV-2226 SI** <br><br> **AMENDED** <br> **JOINT CASE MANAGEMENT** <br> **STATEMENT AND [PROPOSED]** <br> **ORDER** |

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI

IT IS SO ORDERED

*Susan Illston*
Judge Susan Illston

and                                          )
                                             )
CHUNGHWA PICTURE TUBES, LTD.,                 )
                                             )
            Intervenor.                       )

At the case management conference on August 26, 2011, the Court directed the parties to further meet and confer on certain issues and to file an Amended Case Management Statement reflecting any agreements they could reach. The Court also indicated that it would issue a Case Management Order in light of any agreements reached by the parties. Accordingly, the parties hereby jointly submit this Amended Case Management Statement and respectfully request that the Court issue a Case Management Order consistent with the agreements reflected herein. In addition, the parties respectfully request that the dates and limits on depositions identified in the Civil Pretrial Minutes (Doc. No. 207) filed August 30, 2011 be vacated and superseded by the dates set forth herein.

**1.      Jurisdiction and Service.**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. No issues exist as to personal jurisdiction or venue, and each defendant has been served.

**2.      Facts.**

This is a suit for patent infringement brought by California corporation Positive Technologies, Inc. ("Positive") against Sony Electronics, Inc. ("Sony"); Acer America Corporation ("Acer"); Gateway, Inc. ("Gateway"); Dell, Inc. ("Dell"); ASUS Computer International ("ACI"); Lenovo (United States), Inc. ("Lenovo"); MSI Computer Corporation ("MSI"); Amazon.com, Inc. ("Amazon"); Barnes and Noble, Inc. ("Barnes and Noble"); and Kobo, Inc. ("Kobo") (collectively, "Defendants" and each a "Defendant," including Chunghwa

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                                    1

Pictures Tubes, Ltd. ("CPT"), which has intervened against Positive and against which Positive

has asserted patent infringement counterclaims) under the patent laws of the United States.

Positive asserts that certain computer display and e-reader products made, used, offered

for sale, sold, or imported by Defendants infringe three patents owned by Positive (collectively,

the "patents-in-suit"):

- U.S. Patent No. 5,444,457 ("the '457 Patent"), titled "DC Integrating Display Driver

  Employing Pixel Status Memories," which issued on August 22, 1995;

- U.S. Patent No. 5,627,558 ("the '558 Patent"), titled "DC Integrating Display Driver

  Employing Pixel Status Memories," which issued on May 6, 1997; and,

- U.S. Patent No. 5,831,588 ("the '588 Patent"), titled "DC Integrating Display Driver

  Employing Pixel Status Memories," which issued on November 3, 1998.

Defendants deny infringement and contend that the patents-in-suit are invalid and

unenforceable.  Further, Gateway is not accused of infringing any claims of the '588 Patent and,

on that basis, denies any purported allegations regarding the '588 Patent in this statement.

**3.      Legal Issues.**

The principal issues the parties dispute are whether any of the patents-in-suit are

infringed by Defendants, whether the patents-in-suit are valid and enforceable, and, if so, what

damages should be awarded.  Additionally, the parties dispute the meaning of at least some of

the terms in the claims of the patents-in-suit.

**4.      Motions and/or Pending Matters.**

There are no pending motions or other matters.

1

**5.      Amendment of Pleadings, Addition of Parties, Etc.**

2

The parties propose that the deadline to amend the pleadings pursuant to Fed. R. Civ. P.

3

15(a)(2) be ninety (90) days before the deadline for the completion of claim construction

4

discovery set forth below in Section 17.

5

**6.      Evidence Preservation.**

6

Each party has implemented a litigation hold with respect to all electronic and hardcopy

7

documents and media identified as relevant to this action.

8

**7.      Initial Disclosures.**

9

The parties' Fed. R. Civ. P. 26(a)(1)(A) disclosures are due no later than September 2,

10

2011.

11

**8.      Discovery.**

12

No discovery has been taken to date.  The parties agree to the following discovery plan:

13

**a.  Initial Disclosures**

14

The parties' Fed. R. Civ. P. 26(a)(1)(A) disclosures are due no later than September 2,

15

2011.

16

**b.  Subjects on Which Discovery May Be Needed**

17

The parties anticipate that discovery may be needed on the following subjects:  alleged

18

infringement of the patents-in-suit; alleged invalidity of the patents-in-suit; alleged

19

unenforceability of the patents-in-suit; alleged damages owed for infringement of the patents-in-

20

suit.

21

**c.  Electronically Stored Information and Document Production**

22

The parties will work to determine the production format(s) for electronic and hard copy

23

information and do not, at this time, anticipate any difficulties in that regard.

24

25

26

27

28

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                                    3

### d. Privilege Issues

The parties agree that they will neither produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the filing date of this litigation.

Subject to the foregoing, the parties agree that issues relating to claims of privilege or of protection as trial-preparation material shall be addressed as provided in the Federal Rules of Civil Procedure and as provided in the protective order to be entered.

### e. Certain Changes in Default Limitations on Discovery

i. <u>Interrogatories</u>: Plaintiff may serve twenty-five (25) interrogatories per Defendant. Each Defendant may serve twenty-five (25) interrogatories to Plaintiff. Each Defendant may rely upon Plaintiff's responses to interrogatories served by any Defendant.

ii. <u>Requests for Admission</u>: Excluding requests for admission for purposes of authentication, Plaintiff shall be entitled to 35 requests for admission to each Defendant, and each Defendant shall be entitled to 35 requests for admission to Plaintiff. Each Defendant may rely upon Plaintiff's responses to requests for admission served by any Defendant. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document: (i) is authentic; (ii) is a business record; or (iii) otherwise meets a condition of admissibility into evidence.

iii. Based on the number of parties currently involved in this action (and subject to reasonable adjustment as-needed or a decrease in the number of parties), the parties have agreed to the following changes in the default limitations for the number of depositions:

a. <u>Fed. R. Civ. P. 30(b)(6) Depositions</u>: Plaintiff may take up to 25 hours of 30(b)(6) deposition time of each Defendant. Collectively, Defendants may take up to 50 hours of 30(b)(6) deposition time of

Plaintiff.

b.    <u>Party-related</u> Individual <u>Depositions</u>:  Plaintiff may take up to fifty

(50) hours of party-related individual person depositions per

Defendant (excluding time for custodians of records).

Collectively, Defendants may take up to one hundred (100) hours

of party-related individual person depositions (excluding time for

custodians of records).  Depositions of party-related individual

persons are to be limited to a total of seven (7) hours of deposition

time on one business day, except that Robert Hotto may be

deposed for up to three (3) such days in his personal capacity.

c.    <u>Third Party Depositions</u>:  Plaintiff may take up to seventy five (75)

hours of third party depositions.  Collectively, Defendants may

take up to one hundred fifty (150) hours of third party depositions.

d.    <u>Experts/Expert Deposition Hours</u>:  The parties have agreed to

postpone any discussion of the extent and allocation of expert

designations and expert deposition hours pending the beginning of

formal discovery and the exchange of infringement and invalidity

contentions.

e.

**f.   Other Orders**

The parties may submit an agreed protective order for the Court's consideration.  In the

meantime, the parties will proceed under the confidentiality provisions of Patent L.R. 2-2.

**9.    Class Actions.**

Not applicable.

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                                                     5

**10.      Related Pending Cases.**

There are no related pending cases; however, this action was originally filed in the

Eastern District of Texas as Case No. 2:10-cv-00263-TJW-CE and was transferred to this Court

on April 12, 2011.

**11.      Relief.**

Plaintiff seeks entry of judgment finding that each Defendant (except Gateway with

respect to the '588 Patent) infringes the patents-in-suit, finding that the patents-in-suit are not

invalid, and awarding monetary damages and any other relief available under applicable law,

including damages based on a calculation of lost profits or an amount no less than a reasonable

royalty.

Defendants seek entry of judgment that the patents-in-suit are not infringed, invalid, and

unenforceable, and may seek their attorneys' fees pursuant to 35 U.S.C. § 285 and other

applicable law.

**12.      Settlement and ADR.**

The parties have discussed the available ADR procedures in an effort to determine

which procedure may benefit the parties.  The parties are unable at this time to agree upon

which option to pursue.  Accordingly, the parties notified the ADR Unit of their need to

participate in a telephone conference with a member of the ADR Legal Staff and the parties

participated in a telephone conference with a member of the ADR Legal Staff on August 25,

2011.  A further ADR telephone conference has been scheduled for October 27, 2011.

**13.      Consent to Magistrate Judge.**

The parties do not consent to the assignment of a United States Magistrate Judge for

court or jury trial of this case.

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                                    6

**14.     Other References.**

The parties do not believe that this case is suitable for other reference.

**15.     Narrowing of Issues.**

The parties do not believe that any issues need to be bifurcated.  With respect to narrowing certain issues, discovery has not yet begun, but the parties will remain open to discussing narrowing issues by agreement as appropriate.

**16.     Expedited Schedule.**

The parties do not believe that an expedited schedule is appropriate.

**17.     Pre-Claim Construction Ruling Scheduling and Claim Construction**

**Hearing.**

The parties propose to revisit the proposed trial date and other scheduling dates with the Court after the Court issues its claim construction ruling.

With respect to the claim construction hearing, to assist the Court, the parties propose that each side present a tutorial concerning the technology underlying the case at the Court's convenience.  Further, with respect to the hearing itself, the parties agree to the following hearing format: (1) each side (with Plaintiff constituting one side and Defendants, collectively, constituting the other side), on an alternating basis, will have the right to present argument and evidence for each patent-in-suit on a patent-by-patent basis, and (2) the time available for argument shall be evenly divided between the two sides. Further details regarding the parties' positions on how the Claim Construction Hearing should be conducted will be presented in the Joint Claim Construction and Prehearing Statement.

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                                              7

The parties submit the following chart with their jointly proposed schedule:

| EVENT | DATE |
|---|---|
| Case Management Statement | August 19, 2011 |
| Initial Case Management Conference | August 26, 2011 |
| Initial Disclosures | September 2, 2011 |
| Disclosure of Asserted Claims and Infringement Contentions [Patent L.R. 3-1]<br><br>Document Production Accompanying Disclosure [Patent L.R. 3-2] | September 9, 2011 |
| Invalidity Contentions [Patent L.R. 3-3]<br><br>Document Production Accompanying Invalidity Contentions [Patent L.R. 3-4] | October 24, 2011 |
| Exchange of Proposed Terms and Claim Elements for Construction<br><br>[Patent L.R. 4-1] | November 7, 2011 |
| Last day for parties to amend pleadings pursuant to Fed. R. Civ. P. 15(a)(2) | November, 10, 2011 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence<br><br>[Patent L.R. 4-2] | December 5, 2011 |
| Disclosure of Claim Construction Expert Witnesses | December 5, 2011 |
| Joint Claim Construction and Pre-Hearing Statement<br><br>[Patent L.R. 4-3] | January 9, 2012 |
| Completion of Claim Construction Discovery<br><br>[Patent L.R. 4-4] | February 8, 2012 |
| Opening Claim Construction Briefs<br><br>[Patent L.R. 4-5(a)] | February 24, 2012 |
| Responsive Claim Construction Briefs | March 23, 2012 |

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                    8

| EVENT | DATE |
|---|---|
| [Patent L.R. 4-5(b)] | |
| Reply Claim Construction Briefs<br>[Patent L.R. 4-5(c)] | April 13, 2012 |
| Last Day to complete ADR session | May 4, 2012 |
| Technology Tutorial Materials To Be Lodged and Exchanged | May 25, 2012 |
| Claim Construction Hearing Exhibits to be Lodged and Exchanged | May 25, 2012 |
| Technology Tutorial | May 30, 2012<br>3:30 pm |
| Claim Construction Hearing<br>[Patent L.R. 4-6] | May 31, 2012<br>3:30 pm |

**18.     Trial.**

The parties have requested trial by jury.  The Parties expect that the trial, when conducted, will last for a total of ten (10) trial days.

**19.     Disclosure of Non-party Interested Entities or Persons.**

The parties filed their Federal Rule of Civil Procedure 7.1 Disclosure Statements in the transferor action referenced in Section 10 of this Case Management Statement.  Pursuant to Civ. L.R. 3-16 and this Court's Case Management Order (Doc. No. 159-1, 05/27/11), attached hereto as Exhibit A are the parties' re-statements of their Certifications of Interested Entities or Persons

**20.     Other Matters.**

The parties have no other matters at this time that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully Submitted,

Dated: September 6, 2011

ATTORNEYS FOR PLAINTIFF
POSITIVE TECHNOLOGIES, INC.

/S/ *Perry Clark*
Perry R. Clark
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248-5817
Facsimile: (650) 618-8533
Email: perry@perryclarklaw.com

J. Scott Denko (*Pro Hac Vice*)
(Texas State Bar No. 00792457)
Bradley D. Coburn (*Pro Hac Vice*)
(Texas State Bar No. 24036377)
Steven J. Lauff (*Pro Hac Vice*)
(Texas State Bar No. 24013011)
DENKO COBURN & LAUFF LLP
816 Congress, Suite 1205
Austin, TX 78701
Telephone: (512) 906-2074
Facsimile: (512) 906-2075
Email: denko@dcllegal.com
coburn@dcllegal.com
lauff@dcllegal.com

R. James George, Jr. (*Pro Hac Vice*)
(Texas State Bar No. 07810000)
GEORGE & BROTHERS LLP
1100 Norwood Tower
114 W. 7th Street
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499- 0094
Email: rjgeorge@georgeandbrothers.com

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                    10

1

ATTORNEYS FOR DEFENDANT SONY
ELECTRONICS, INC.

2

3
_____ /S/ Kevin P.B. Johnson _____
Kevin P.B. Johnson
Jim Glass

4
QUINN EMANUEL URQUHART &
SULLIVAN

5
555 Twin Dolphin Drive
5th Fl

6
Redwood Shores, CA 94065

7
650-801-5000
Fax: 650-801-5100

8
Email: kevinjohnson@quinnemanuel.com
          jimglass@quinnemanuel.com

9

10

11
ATTORNEYS FOR DEFENDANT ACER
AMERICA CORPORATION

12
_____ /S/ Kevin Jones _____
Kevin Jones

13
Qudus Olaniran

14
FREITAS, TSENG, BAIK & KAUFMAN
LLP

15
100 Marine Parkway, Suite 200
Redwood City, CA 94065

16
(650) 593-6300
Fax: 650-593-6301

17
Email: kjones@ftbklaw.com
          qolaniran@ftbklaw.com

18

19

20
ATTORNEYS FOR DEFENDANT
GATEWAY, INC.

21
_____ /S/ Kevin Jones _____
Kevin Jones

22
Qudus Olaniran

23
FREITAS, TSENG, BAIK & KAUFMAN
LLP

24
100 Marine Parkway, Suite 200
Redwood City, CA 94065

25
(650) 593-6300
Fax: 650-593-6301

26
Email: kjones@ftbklaw.com
          qolaniran@ftbklaw.com

27

28
AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                                    11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTORNEYS FOR DEFENDANT DELL, INC.

_____/S/ *Thomas M. Dunham*_____
Thomas M. Dunham (pro hac vice)
Thomas.Dunham@novakdruce.com
J. Michael Woods (pro hac vice)
Michael.woods@novakdruce.com
NOVAK DRUCE + QUIGG LLP
300 New Jersey Avenue
Fifth Floor
Washington, DC  20001
Telephone:  (202) 659-0100
Facsimile:   (202) 659-0105

ATTORNEYS FOR DEFENDANT ASUS COMPUTER INTERNATIONAL

_____/S/ *Karen I. Boyd*_____
Karen I. Boyd
Joshua M. Masur
Steven W. Flanders
TURNER BOYD LLP
2570 W El Camino Real
Suite 380
Mountain View, CA 94306
Telephone: 650 521 5930
Fax: 650 521 5931
Email: boyd@turnerboyd.com
          masur@turnerboyd.com
          flanders@turnerboyd.com

ATTORNEYS FOR DEFENDANT LENOVO (UNITED STATES) INC.

_____/S/ *Jennifer Ann Trusso*_____
Jennifer Ann Trusso
Ryan Lindsey
SHEPPARD MULLIN RICHTER HAMPTON LLP
650 Town Center Dr.
4th Floor
Costa Mesa, CA 92626
714-424-8294

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                              12

Email: jtrusso@sheppardmullin.com
rlindsey@sheppardmullin.com


ATTORNEYS FOR DEFENDANT MSI
COMPUTER CORPORATION

  /S/ *William James Brown , Jr*
William James Brown , Jr
Janet S. Park
BROWN WEGNER BERLINER
2603 Main Street
Suite 1050
Irvine, CA 92614
949-705-0080
Fax: 949-749-4099
Email: bill@bwb-lawyers.com
jpark@bwb-lawyers.com


ATTORNEYS FOR DEFENDANT
AMAZON.COM, INC.

        /S/ *Stephen J. Joncus*
Stephen J. Joncus
John D. Vandenberg
Philip Warrick
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204-2988
Telephone: 503-595-5300
Facsimile: 503-595-5301
Email: stephen.joncus@klarquist.com
john.vandenberg@klarquist.com
philip.warrick@klarquist.com

Edward C. Duckers
Craig A. Carnes, Jr.
STOEL RIVES LLP
555 Montgomery Street, Suite 1288
San Francisco, CA 94111
Telephone: (415) 617-8900
Facsimile : (415) 617-8907
Email: ecduckers@stoel.com
cacarnes@stoel.com

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                    13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTORNEYS FOR DEFENDANT
BARNES & NOBLE, INC.

      /S/ *Krista Marie Carter*

Krista Marie Carter
Christopher Hu
DICKSTEIN SHAPIRO
700 Hansen Way
Palo Alto, CA 94304
650-632-4327
Email: carterk@dicksteinshapiro.com
        huc@dicksteinshapiro.com


ATTORNEYS FOR DEFENDANT KOBO
INC.

 /S/ *Robert Thomas Haslam , III*

Robert Thomas Haslam , III
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 632-4702
Fax: (650) 632-4800
Email: rhaslam@cov.com

Bhanu K Sadasivan
COVINGTON AND BURLING LLP
333 Twin Dolphin Dr.
Suite 700
Redwood Shores, CA 94065
650-632-4712
Email: bsadasivan@cov.com


ATTORNEYS FOR INTERVENOR
CHUNGWA PICTURE TUBES, LTD.

      /S/ *Steven M. Levitan*

James M. Godner
Russ Emerson
Steven M. Levitan
HAYNES AND BOONE, LLP
2033 Gateway Place, Suite 300
San Jose, California 95110
Telephone: (408) 660-4120

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI           14

Facsimile: (408) 660-4121
jason.godner@haynesboone.com
russ.emrson@haynesboone.com
steve.levitan@haynesboone.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                                  15

1

## CERTIFICATION PURSUANT TO G.O. 45(X)(B)

2    I, Perry R. Clark, attest that the above identified signatories have concurred in the filing

3   of this document.

4

Dated: September 6, 2011                                    /S/ *Perry Clark*

5                                                                      Perry Clark

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
AMENDED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                                    16

**EXHIBIT A**

**Restatement of Corporate Disclosure Statements**

1.  <u>Positive Technologies, Inc.</u>:  Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiff Positive Technologies, Inc. hereby discloses that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

2.  <u>Acer America Corporation</u>:  Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant Acer America Corporation hereby discloses that it is a privately held corporation that is 100% owned by its parent Acer Inc.  Acer Inc. is a publicly held Taiwanese company.

3.  <u>Asus Computer International</u>:  Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure. Defendant ASUSU Computer International ("ACI") states that ACI's parent corporation, ASUSTek Computer, Inc., a publicly traded Taiwanese company, owns 100% of the shares of ACI.

4.  <u>Gateway, Inc.</u>:  Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant Gateway, Inc. hereby discloses that it is a privately held corporation whose parent corporation is Acer Inc.  Acer Inc. is a publicly held Taiwanese company that owns over 10% of Gateway, Inc.'s stock.

5.  <u>Lenovo (United States), Inc.</u>:  Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant Lenovo (United States), Inc. hereby discloses that it is a wholly owned subsidiary of Lenovo Holding Company, Inc. and is indirectly owned by Lenovo Group, Ltd.

6.  <u>Amazon.com, Inc.</u>: Pursuant to Federal Rule of Civil Procedure 7.1(a), Defendant, Amazon.com, Inc. states that it has no parent corporation and no publicly held corporation owns 10% or more of its stock.

7.  <u>Kobo Inc</u>.: Pursuant to Fed. R. Civ. P. 7.1, defendant Kobo Inc. discloses that Indigo Books and Music Inc., traded on the Toronto Exchange, Borders Group Inc., traded on the New

EXHIBIT A - JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER Case No.: 11-CV-2226 SI                                      A-1

1   York Stock Exchange, and a wholly owned subsidiary of Chueng Kong (Holdings) Limited,

2   traded on the Hong Kong Stock Exchange each own more than 10% of the stock of Kobo

3   Inc.

4   8.  Chunghwa Picture Tubes, Ltd.:  Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure,

5   Intervenor Chunghwa Picture Tubes, Ltd. hereby discloses that it has no parent corporation

6   and that no publicly held corporation owns 10% or more of its stock.

7   9.  MSI Computer Corporation:  Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure,

8   MSI Computer Corporation hereby discloses that it is wholly owned by Micro-Star

9   International Corporation, LTD, a Taiwanese company.

10   10. Dell Inc.:  Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant Dell Inc.

11   hereby discloses that it has no parent corporation and that no publicly held corporation owns

12   10% or more of its stock.

13   11. Barnes and Noble, Inc.:  Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure,

14   Defendant Barnes & Noble, Inc. hereby discloses that it has no parent corporation and that

15   Liberty Media Corporation owns 10% or more of its stock.

16   12. Sony Electronics Inc.:  Pursuant to Fed. R. Civ. P. 7.1, defendant Sony Electronics Inc.

17   declares that Sony Electronics Inc. is a wholly-owned, indirect subsidiary of Sony

18   Corporation.  Sony Corporation is a Japanese Corporation whose common stock trades

19   principally on the Tokyo Stock Exchange and whose American Depository Receipts related

20   to its common stock are traded on the New York Stock Exchange.  Sony Electronics Inc. has

21   no additional corporate or other parents, subsidiaries, affiliates, securities or other interests

22   which are publicly held or traded on an American stock exchange.