United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSITIVE TECHNOLOGIES INC., | No. C 11-02226 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT AMAZON.COM INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PRIORITY DATE** |
| v. | |
| SONY ELECTRONICS INC., *et al.*, | |
| Defendant. | |

Before the Court is defendant Amazon.com, Inc.'s ("Amazon") motion for partial summary judgment that the asserted claims of U.S. Patent Nos. 5,637,558 ("the '558 patent") and 5,831,588 ("the '588 patent") are not entitled to any effective filing date earlier than the '558 patent's actual filing date of May 17, 1995. The motion is current scheduled for a hearing set for January 20, 2012. Pursuant to Local rule 7-1(b), the Court determines the matter is appropriate for submission without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

This is a patent infringement case filed by plaintiff Positive Technologies, Inc. ("Positive") against a number of defendants, including Amazon.[1] Plaintiff alleges infringement of three of its patents, U.S. Patent No. 5,444,457 ("the '457 Patent"), issued on August 22, 1995; the '558 patent,

---

[1] The other defendants are Sony Electronics, Inc., Acer America Corporation, Gateway, Inc., Dell, Inc., Asus Computer International, MSI Computer Corporation, Barnes & Noble, Inc., and Kobo, Inc. Intervenor Chunghwa Picture Tubes, Ltd. ("Chunghwa"), filed a complaint in intervention against Positive, and Positive has filed counterclaims against Chunghwa.

issued on May 6, 1997; and the '588 patent, issued on November 3, 1998 (collectively, the "patents in suit").

According to the complaint, Positive's founder and principal owner, Robert Hotto, is the named inventor on 31 U.S. patents and several pending U.S. patent applications. Compl. ¶ 20. One of his areas of invention is in the field of "adaptive displays used in LCD display fields which enabled LCD displays to exhibit the response times necessary to be commercially viable for use as modern display panel technology in a variety of different products sold to consumers." *Id.* In 1991, Hotto filed the patent application that later issued as U.S. Patent No. 5,280,280 ("the '280 Patent"), the parent patent of the '457, '558, and '588 patents. Plaintiffs are alleging infringement of the '457, '558, and '588 patents.

The technology at issue concerns liquid crystal display ("LCD") screens. The '558 patent, for example, is entitled "DC Integrating Display Driver Employing Pixel Status Memories," and purports to improve "drive and control means for matrix addressable electro-optic displays, such as passive matrix LCDs and active matrix LCDs." '558, Abstract. One problem the patents seek to resolve is the destructive effect of "DC bias" on the picture elements in an LCD screen. The specifications describe how prior art LCDs used a signal having an alternative-current (AC) wave form that alternates polarity periodically, as opposed to a direct-current (DC) wave form that does not alternate polarity. The problem with DC is that accumulated DC (so-called "DC bias") can cause electrolytic plating and chemical breakdown of the electrodes in the LCD screens. However, the use of AC alone means lower display contrasts, narrower viewing angles, or, with higher AC drive frequencies, a slower update rate. The specification purports to invent a way to use DC frequencies while neutralizing the DC bias on the pixels before destructive effects occur. In effect, the inventions purport to allow for effective exploitation of the benefits of the DC wave form without its concomitant destructive effects.

The patents share the same specifications with one another, and, therefore, the later patents are considered "continuations" of those prior. The '558 and '588 patents were issued from applications filed in 1995 and 1997 respectively. Positive is seeking to claim a filing date of at least the 1993 filing date (of the '457 patent) for their asserted claims in the '558 and '588 patents, pursuant to 35 U.S.C. § 120. Section 120 provides the benefit of an earlier filing date where the claimed invention was "disclosed in the manner provided by the first paragraph of section 112 of this title in an application

2

previously filed"; section 112, in turn, requires that "the specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention." 35 U.S.C. § 112. These are known as the enablement and written description requirements of § 112. *See Enzo Biochem, Inc., v. Gen-Probe*, *Inc.*, 323 F.3d 956, 963 (Fed. Cir. 2002).

Amazon opposes any filing date for the asserted claims earlier than their respective application filing dates (i.e., 1995 and 1997). It has filed a partial summary judgment motion requesting the Court declare May 17, 1995 the earliest filing date to the asserted claims.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See id.* at 325.

The burden then shifts to the non-moving party to "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts

3

are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Id.* Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (observing that there is no genuine issue of fact "where the only evidence presented is 'uncorroborated and self-serving' testimony" (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996))). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(c). Hearsay statements found in affidavits are inadmissible. *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 762-63 (9th Cir. 1980).

**DISCUSSION**

**I. Burdens**

Underlying the moving papers is a complex argument regarding the burden of persuasion and the proper standard with which to analyze Amazon's motion. The instant motion is couched as a motion for partial summary judgment on a "narrow claim" regarding the priority date of the patents in suit. Def.'s Mot. at 2. In reality, however, due to the shared specifications at issue and the controlling patent law, the decision on the priority date is effectively a decision on the validity of the plaintiffs' asserted claims.

The Patent Act provides: "An application for patent for an invention disclosed in the manner provided by the first paragraph of this title in an application previously filed in the United States . . . shall have the same effect, as to such invention, as though filed on the date of the prior application . . . ." 35 U.S.C. § 120. "To obtain the benefit of a parent application's filing date under § 120, 'the claims of the later-filed application must be supported by the written description in the parent in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought.'" *Research Corporation Technologies, Inc., v. Microsoft Corporation*, 627 F.3d 859, 870 (Fed. Cir. 2010) (*citing Anascape, Ltd. v. Nintendo of Am., Inc.,* 601 F.3d 1333, 1335 (Fed Cir. 2010)). Entitlement to a filing date extends only to subject matter that is disclosed, not to that which is obvious. *Id.* (*citing Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997)). "Therefore, the parent application must actually or inherently disclose the elements of the later-filed

4

claims." *Id.*

Here, the '558 Patent issued from U.S. Pat. App. No. 08/446,898 (filed May 17, 1995, the "1995 Application") and the '588 patent issued from U.S. Pat. No. 08/803,059 (filed Feb. 20, 1997 the "1997 Application"). The 1993, 1995, and 1997 Applications share the same specification. Pl.'s Opp. at 6; Coburn Decl., Ex. 1, at ¶¶ 16, 32. Therefore, a finding by the Court that the asserted claims of the '558 and '588 patents are not supported by the 1993 application - that is, agreeing with defendants that the later patents are not entitled to the earlier priority date - would amount to a finding that they are not supported by their own written descriptions under § 112. *See Research Corp.*, 627 F.3d at 870. If the Court finds the claims are not supported by their own specification, they are invalid. *See* 35 U.S.C. § 112. Therefore, while this is nominally a partial summary judgment motion concerning the proper filing date, it is effectively a motion challenging the validity of the patents at issue.

Despite this, Amazon moves for summary judgment on the priority date, instead of on invalidity. In doing so, Amazon relies on the Federal Circuit's decision in *Research Corporation Technologies, Inc., v. Microsoft Corporation*, 627 F.3d 859, 870 (Fed. Cir. 2010) . There, the district court faced a similar motion by the alleged infringer, and granted summary judgment in its favor on the filing date question. The Federal Circuit agreed with district court's analysis on two claims, while reversing its decision regarding the earlier effective filing date with respect to one claim. Because the opinion is critical to defendants' motion here, the Court cites it at length.

Patent holder RCT owned six patents referred to as '310, issued in 1992; '228, a continuation in part of '310, issued in 1994; '941, a continuation of '228; '305 and '518, continuations of '941; and '772, a continuation of '305. RCT alleged Microsoft infringed all six patents. The Federal Circuit provided the following analysis:

> This court notes that the '772 and '305 patents share the same specification with the '228 patent into which the 1991 Application matured. Therefore, whether the later-filed claims in the '772 and '305 patents are supported by the 1991 Application under 35 U.S.C. § 120 essentially asks whether the later-filed claims are supported by their own written descriptions under 35 U.S.C. § 112. However, because the parties have presented the issue as an effective filing date question rather than a written description question and the trial court has adopted the parties' characterization of the issue, this court will analyze the issue under section 120.

5

> This court first considers whether the district court misplaced the burden of showing the '772 patent's entitlement to an earlier effective date. A patent is presumed valid and the party asserting invalidity has the burden of persuasion to show the contrary by clear and convincing evidence. *Tech. Licensing Corp. v. Videotek, Inc.,* 545 F.3d 1316, 1329 (Fed.Cir.2008). The challenger has the burden of going forward with invalidating prior art. *Id.* The patentee then has the burden of going forward with evidence to the contrary, *i.e.,* the patentee must show that the prior art does not actually invalidate the patent or that it is not prior art because the asserted claim is entitled to the benefit of an earlier filing date. *Id.*; *see also PowerOasis,* 522 F.3d at 1304-06 (holding that the patentee had the burden to come forward with evidence to prove entitlement to an earlier filing date when it was undisputed that a certain reference was invalidating prior art).
>
> Microsoft's summary judgment motion was couched as "Microsoft's Motion for Partial Summary Judgment that the Asserted Claims of the '772 patent are not Entitled to the Effective Filing Date of the 1991 or 1990 Applications under 35 U.S.C. § 120." Br. of Def.-Microsoft Corp. at 1, *Research Corp. Techs., Inc. v. Microsoft Corp.,* No. 01-658 (Dkt.845) (D.Ariz. Feb. 13, 2009). In fact, this motion had the effect of asserting invalidity. Microsoft pointed out in its motion that RCT sought the 1990 and 1991 effective dates to "avoid intervening art" and identified the '310 patent as one such reference. *Id.* The district court recognized that "[b]ecause [Microsoft] is moving on validity of RCT's '772 patent, Microsoft has the burden of persuasion to prove invalidity by clear and convincing evidence." *Research Corp. '871 Techs., Inc. v. Microsoft Corp.,* No. 01-658, slip. op. at 11, 2009 WL 1676125 (D. Ariz. June 5, 2009).
>
> RCT argues that Microsoft did not show initially that the '310 patent anticipated the asserted claims of the '772 patent. However, in response to Microsoft's motion, RCT only argued that the '310 patent was not prior art because the '772 patent was entitled to the same effective filing date as the '310 patent. Br. of Pl.-Research Corp. Techs., Inc., *Research Corp. Techs., Inc. v. Microsoft Corp.,* No. 01-658 (Dkt.885) (D.Ariz. Feb. 19, 2009). RCT did not contest before the district court (and thus waived on appeal) that the '310 patent did not meet each and every element of the '772 patent claims or present a disclosure that rendered the '772 patent claims obvious. Accordingly, RCT did not put into dispute that the '310 patent was an invalidating prior art reference. Because Microsoft effectively satisfied its initial burden by coming forward with invalidating prior art, the burden was on RCT to come forward with evidence to show that the '310 patent was not actually prior art. The district court therefore correctly placed the burden on RCT to come forward with evidence to show entitlement to an earlier filing date.

*Id.*, 627 F.3d at 870-71.

In determining the appropriate burdens on the parties, the court relied on its earlier decision in *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1329 (Fed. Cir. 2008). There, in an appeal from a bench trial, the alleged infringer also argued invalidity of the asserted patent. In response, the patent

1 holder had sought claim to an earlier filing date.[2] To determine what showings each party must make,
2 the Federal Circuit distinguished between the burden of persuasion and the burden of production. *Id.* at
3 1326-27. The burden of production is the burden of going forward with evidence, "a shifting burden
4 the allocation of which depends on where in the process of trial the issue arises." *Id.*[3] The burden of
5 persuasion, on the other hand, "never shifts however much the burden going forward may jump from
6 one party to another as the issues in the case are raised and developed."

7 The burden of persuasion in *Tech. Licensing*, as here, was the alleged infringer's burden to
8 prove by clear and convincing evidence that the asserted patent was invalid. The burden of production
9 was initially on the alleged infringer to produce evidence that there was anticipating prior art. *Id.* Once
10 that was done, the burden of production shifted to the patent holder to show that "the prior art does not
11 actually anticipate, or, as was attempted in this case, that it is not prior art because the asserted claim
12 is entitled to the benefit of a filing date prior to the alleged prior art." Once that showing is made, the
13 burden of production shifts back to the alleged infringer, to "convince the court that [the patent holder]
14 is not entitled to the benefit of the earlier filing date. 'Convince' is the operative word, because if the
15 court is not persuaded by clear and convincing evidence that [the alleged infringer] is correct, [it has]
16 failed to carry its ultimate burden of persuasion, and its defense of invalidity, based on anticipation by
17 the [prior] art, fails." *Id.*

18 Each of the shifting burdens of production implicates separate factual analyses. It is therefore
19 critical to remember that the entire architecture of the burden analysis is framed by summary judgment
20 standard. Unlike the procedural posture of a bench trial appeal in *Tech. Licensing*, here, Amazon must
21 show that there are no genuine issues of material fact. Fed. R. Civ. P. 56(a). Moreover, the evidence
22 is viewed in the light most favorable to the non-moving party, and all justifiable inferences are drawn
23 in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

24 Put together, a heavy burden rests on Amazon. At the beginning of each distinct factual analysis,

---

[2] In *Tech. Licensing,* unlike here, the allegedly invalidating prior art was not the ancestor of the asserted patent.

[3] "Going forward with evidence" in turn means "both producing additional evidence and presenting persuasive argument based on new evidence or evidence already of record, as the case may require." *Tech. Licensing Corp.*, 545 F.3d at 1327.

where it holds the burden, Amazon must first demonstrate that there are no genuine issues of material fact. When the burden shifts, Positive must show that a genuine issue as to some material fact actually does exist, i.e., that there are "specific facts showing a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). After those factual analyses are completed (if Amazon can survive those inquiries), the remaining – undisputed – facts must prove to the Court by clear and convincing evidence that the patents are invalid.

## II. Analysis

The initial burden of production rests on Amazon to go forward with evidence to support its claim that there is prior art that anticipates the subsequent claims. Amazon must show that there is no genuine issue of material fact as to existence of that prior art. Here, Amazon produces plaintiff's own patent that issued from the 1991 application in January 1994, Warrick Decl., Ex. A (U.S. Patent No. 5,280,280 ("the '280 patent"), and a related Patent Cooperation Treaty (PCT) application published on on November 26, 1992 (Warrick Decl., Ex. B (PCT Pub. No. WO 92/21123)). Amazon's "prior art references" have the same drawings and essentially the same disclosures as the patents-in-suit. *Id.*; Def.'s Mot. at 4. As in *Research Corp.*, plaintiff here does not contest that its earlier patents anticipate the later claims.[4] 627 F.3d at 870-71 ("RCT did not contest before the district court (and thus waived

---

[4]It may seem anomalous to suggest that a patent holder could argue that the patent's ancestor was not prior art while simultaneously arguing that it supports the subsequent asserted claims. However, underlying the logic of *Research Corp.* is this very proposition: a parent patent may *anticipate* a subsequent claim (thus invalidating the subsequent claim as prior art); but, at the same time, not *support* the subsequent claim (thus disallowing a claim to its filing date). The Federal Circuit addressed this in a 1990 case, *Chester v. Mille*r:

> Chester further intimates that it is legally anomalous for the EIC first to assert that the [ancestor] '280 patent fails to provide sufficient written description to support his [continuation-in-part (CIP)] claims and then find that the '280 patent anticipates those very claims. One of our predecessor courts, the Court of Customs and Patent Appeals (CCPA), however, made clear that differences exist between the requirements for claim-anticipating disclosures and for claim-supporting disclosures. *In re Lukach,* 442 F.2d at 969-70, 169 USPQ at 796-97. The CCPA noted in *Lukach* that although a patent might contain a disclosure satisfying the written description requirement with respect to the claims in that patent, it could still be section 102(b) prior art as to broader claims of a subsequent application although not containing a disclosure satisfying the section 112 description requirement with respect to the

8

on appeal) that the '310 patent did not meet each and every element of the '772 patent claims or present a disclosure that rendered the '772 patent claims obvious"). The Court therefore finds that Amazon has met its first burden - that there are no genuine issues of material fact as to the existence of anticipatory prior art.

The burden then shifts to Positive to produce evidence that Amazon's prior art references are not actually invalidating prior art because the asserted claims are entitled to the benefit of an earlier filing date; in this case, to the filing dates of the prior art references themselves. To do so, plaintiff must show that there is a genuine issue of material fact as to whether "the claims of the later-filed application [are] supported by the written description in the parent in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought." *Anascape,* 601 F.3d at 1335; *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Because Positive is the non-movant in this summary judgment motion, the evidence is viewed in the light most favorable to Positive, and all justifiable inferences are drawn in its favor. *Anderson,* 477 U.S. at 252 (1986).

To meet its burden, Positive has provided numerous pieces of evidence. Unlike defendants, it has provided an expert declaration.[5] *See* Sobel Declaration, attached as Exhibit 1 to the Coburn Declaration. Plaintiffs' expert describes how, for each of the asserted claims, the 1993 Application disclosed the technology and methodologies such that a person skilled in the art would have been able to make and use the inventions of the asserted claims. *See, e.g.,* Sobel Decl., ¶¶ 35-45. The Sobel Declaration also provides support for plaintiff's claim that the respective written descriptions conveyed to a person skilled in the art, at the time of filing the 1993 Application, that the inventor was in

---

> anticipated broader claims. *See id.* at 969-70, 169 USPQ at 797. This apparent anomaly is most likely to occur when the prior art reference discloses a species of a genus sought to be claimed. *See, e.g., id.* That is exactly what happened in the instant case, and accordingly we see no impermissible anomaly or logical inconsistency in the EIC's rejection.

*Chester v. Miller*, 906 F.2d 1574, 1577 (Fed. Cir. 1990). Here, Positive does not argue that the 1991 patent does not anticipate the later claims, and thus, the Court need not directly address the issue.

[5]The Court recognizes that the simple act of submitting an expert declaration, on its own, does not raise an issue of material fact. *See Univ. of Rochester v. G.D. Searle & Co., Inc.,* 358 F.3d 916 (Fed. Cir. 2004). The Court is, however, persuaded by the substance of the declaration.

9

possession of the invention in the later claims. *See, e.g.,* Sobel Decl., ¶¶ 43 and 49-60. Positive also provides the USPTO application materials and correspondence regarding the '558 and '588 applications. *See* Coburn Decl., Exs. 2-7. The evidence demonstrates that the USPTO conducted a § 112 analysis of the '558 and '588 patent applications, rejecting some of the claims while allowing others to survive. Pl.'s Opp. at 15 (Coburn Decl., Ex. 2, 4, 5). The USPTO found the enablement and written descriptions sufficient for the asserted claims. Because the asserted claims share the same specification as the 1993 Application, the USPTO necessarily found that the claims were enabled and sufficiently described by that application as well.[6]

Amazon urges the Court to follow the *Research Corp.* trial court in dismissing the patent holder's expert's opinions as "conclusory." *See* Def.'s Reply at 8-9; Warrick Decl., Ex. D at JA 00042 (finding the expert's conclusory opinion about the broad nature of the invention "without providing any textual support from the . . . patent and without addressing the conspicuous relevance of a blue noise mask to the invention.") The Court declines. First of all, in *Research Corp.* the Federal Circuit agreed that RCT's expert declaration should be accorded no weight because it "was five years old at that time and addressed patent claims that are not at issue in the present appeal." *Research Corp.*, 627 F.3d at 872. No such concerns are present here.

Moreover, the substance of the declaration in this case implicates genuine issues of material fact. Amazon argues that only the final paragraph "addresses the actual issue before the Court." Def.'s Reply at 8. The "actual issue" Amazon refers to is whether the later claims go beyond the DC bias solution discussed in the initial specification. However, the issue before the Court is not simply Amazon's characterization of the earlier application, but whether the entirety of the early specification supports the later claims. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1367 (Fed. Cir. 2009) ("Inventors can frame their claims to address one problem or several, and the written description requirement will be satisfied as to each claim as long as the description conveys that the inventor was in possession of the invention recited in that claim.") Mr. Sobel, a Ph.D. physicist, provides a detailed assessment of the asserted claims that suggest they may be enabled irrespective of

---

[6]Moreover, as plaintiffs assert, in the case of the '588 patent, "the PTO explicitly determined that the '588 claims priority to the '280 patent's filing date of May 14, 1992." Pl.'s Opp. at 13.

and without reference to the DC bias solution. *See, e.g.,* Sobel Decl. ¶¶ 35-45 (claim 10 of '558), ¶¶ 61-64 (claim 6 of '588).

The Court recognizes that the DC bias solution plays an integral role in the 1993 Application - indeed, Amazon may be correct that the asserted claims are without support in the prior application precisely because they do not require or rely upon the specifically proposed solution. The Court nonetheless finds that the evidence brought forward by plaintiff meets its burden of demonstrating that there are triable issues of material fact as to whether the asserted claims are supported by the written description in the earlier applications. *See Anascape,* 601 F.3d at 1335. Therefore, Amazon's partial motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

Dated: January 19, 2012

SUSAN ILLSTON
United States District Judge