1

Kevin P.B. Johnson
Anna Ison
2
QUINN EMANUEL URQUHART &
SULLIVAN
3
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
4
Telephone: 650-801-5000
Facsimile: 650-801-5100
5
kevinjohnson@quinnemanuel.com
annaison@quinnemanuel.com
6

7
Attorneys for Defendant Sony Electronics, Inc.

8
*ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE*

9

10
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
11
**SAN FRANCISCO DIVISION**

12

13
POSITIVE TECHNOLOGIES INC.,                  §   Civil Action No. 3:11-cv-02226-SI
                                             §
14
          Plaintiff,   §
                                             §
15
    v.                      §   STIPULATED PROTECTIVE ORDER
                                             §   FOR PLAINTIFF POSITIVE
16
                                             §   TECHNOLOGIES AND DEFENDANT
SONY ELECTRONICS, INC.,                      §   SONY ELECTRONICS, INC.
17
AMAZON.COM, INC., BARNES & NOBLE,            §
INC., AND KOBO INC.,                         §
18
                                             §
          Defendants.  §
19
                                             §   **JURY TRIAL DEMANDED**
                                             §
20
                                             §
                                             §
21
                                             §
                                             §
22
                                             §

23

24

25

26

27

28

1.     PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 14.4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

        2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

        2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

        2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

        2.4     Designated House Counsel:  House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

        2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

02347.51731/4877824.1

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a past or current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:  extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party:  any party to this action, including all of its officers, directors, employees,

02347.51731/4877824.1

PROTECTIVE ORDER
Case No.:  3:11-cv-02226-SI

consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

02347.51731/4877824.1

1    otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

2    defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

3    and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

4    time limits for filing any motions or applications for extension of time pursuant to applicable law.

5           This Order supersedes and replaces the Patent L.R. 2-2 Interim Model Protective Order that

6    was in effect pursuant to Patent L.R. 2-2 prior to the entry of this Order, and this Order, upon its

7    entry, shall govern the treatment of information designated hereunder, including any obligations or

8    potential remedies relating to same, regardless of whether such information was received prior to or

9    following the entry of this Order.

10          5.      DESIGNATING PROTECTED MATERIAL

11          5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or

12   Non-Party that designates information or items for protection under this Order must take care to

13   limit any such designation to specific material that qualifies under the appropriate standards.  To the

14   extent it is practical to do so, the Designating Party must designate for protection only those parts of

15   material, documents, items, or oral or written communications that qualify – so that other portions of

16   the material, documents, items, or communications for which protection is not warranted are not

17   swept unjustifiably within the ambit of this Order.

18          Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown

19   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

20   encumber or retard the case development process or to impose unnecessary expenses and burdens on

21   other parties) expose the Designating Party to sanctions.

22          If it comes to a Designating Party's attention that information or items that it designated for

23   protection do not qualify for protection at all or do not qualify for the level of protection initially

24   asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the

25   mistaken designation.

26          5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order

27   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

28   02347.51731/4877824.1

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it

1   appears that substantial portions of the testimony may qualify for protection, the Designating Party

2   may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

3   to have up to 21 days to identify the specific portions of the testimony as to which protection is

4   sought and to specify the level of protection being asserted.  Only those portions of the testimony

5   that are appropriately designated for protection within the 21 days shall be covered by the provisions

6   of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition

7   or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be

8   treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9          Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or

10  other proceeding to include Protected Material so that the other parties can ensure that only

11  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

12  (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

13  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

14  ATTORNEYS' EYES ONLY."

15         Transcripts containing Protected Material shall have an obvious legend on the title page that

16  the transcript contains Protected Material, and the title page shall be followed by a list of all pages

17  (including line numbers as appropriate) that have been designated as Protected Material and the level

18  of protection being asserted by the Designating Party.  The Designating Party shall inform the court

19  reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day

20  period for designation shall be treated during that period as if it had been designated "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the

22  expiration of that period, the transcript shall be treated only as actually designated.

23         (c) for information produced in some form other than documentary and for any other tangible

24  items, that the Producing Party affix in a prominent place on the exterior of the container or

25  containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

27  CODE."  If only a portion or portions of the information or item warrant protection, the Producing

28  02347.51731/4877824.1

PROTECTIVE ORDER
Case No.:  3:11-cv-02226-SI

Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

PROTECTIVE ORDER
Case No.:  3:11-cv-02226-SI

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

02347.51731/4877824.1

PROTECTIVE ORDER
Case No.:  3:11-cv-02226-SI

1  DISPOSITION).

2      Protected Material must be stored and maintained by a Receiving Party at a location and in a

3  secure manner that ensures that access is limited to the persons authorized under this Order.

4      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered

5  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

6  information or item designated "CONFIDENTIAL" only to:

7      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

8  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

9  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

10  attached hereto as Exhibit A;

11      (b) the officers, directors, and employees (including House Counsel) of the Receiving

12  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

13  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

15  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

16  to Be Bound" (Exhibit A);

17      (d) the court and its personnel;

18      (e) court reporters and their staff, professional jury or trial consultants, and Professional

19  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

20  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21      (f) during their depositions, witnesses in the action to whom disclosure is reasonably

22  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

23  unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed

24  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

25  bound by the court reporter and may not be disclosed to anyone except as permitted under this

26  Stipulated Protective Order.

27      (g) the author or recipient of a document containing the information or a custodian or

28  02347.51731/4877824.1

PROTECTIVE ORDER
Case No.:  3:11-cv-02226-SI

1  other person who otherwise possessed or knew the information.

2      7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

3  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered

4  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

5  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

6  "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

7          (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

8  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

9  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

10  attached hereto as Exhibit A;

11          (b) Designated House Counsel of the Receiving Party (1) who are not competitive

12  decision-makers; (2) to whom disclosure is reasonably necessary for this litigation; and (3) who have

13  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);[1]

14          (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

15  litigation; (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

16  (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

17          (d) the court and its personnel;

18          (e) court reporters and their staff, professional jury or trial consultants, and Professional

19  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

20  "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

21          (f) the author or recipient of a document containing the information or a custodian or

22  other person who otherwise possessed or knew the information.

23      7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL

24  – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information

25  _____

26  [1] This Order contemplates that Designated House Counsel shall not have access to any information
    or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

27

28  02347.51731/4877824.1

                                                PROTECTIVE ORDER
                                                Case No.:  3:11-cv-02226-SI

1  or Items to Designated House Counsel or Experts.

2          (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating

3  Party, a Party that seeks to disclose to Designated House Counsel any information or item that has

4  been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to

5  paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full

6  name of the Designated House Counsel and the city and state of his or her residence; and (2)

7  describes the Designated House Counsel's current and reasonably foreseeable future primary job

8  duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may

9  become involved, in any competitive decision-making.

10          (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating

11  Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

12  that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

13  "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a

14  written request to the Designating Party that (1) identifies the general categories of "HIGHLY

15  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

16  CODE" information that the Receiving Party seeks permission to disclose to the Expert; (2) sets

17  forth the full name of the Expert and the city and state of his or her primary residence; (3) attaches a

18  copy of the Expert's current resume; (4) identifies the Expert's current employer(s); (5) identifies

19  each person or entity from whom the Expert has received compensation or funding for work in his or

20  her areas of expertise or to whom the expert has provided professional services, including in

21  connection with a litigation, at any time during the preceding five years;[2] and (6) identifies (by name

22  and number of the case, filing date, and location of court) any litigation in connection with which the

23  Expert has offered expert testimony, including through a declaration, report, or testimony at a

24  deposition or trial, during the preceding five years.

25  _____
   [2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-
26  party, then the Expert should provide whatever information the Expert believes can be disclosed
   without violating any confidentiality agreements, and the Party seeking to disclose to the Expert
27  shall be available to meet and confer with the Designating Party regarding any such engagement.

28  02347.51731/4877824.1

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

7.5      Isolation of Sony's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

Sony competes with other co-defendants.  Any information provided by Sony and designated by Sony as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be disclosed to any co-defendant.   Without waiver of or prejudice to Positive's right to challenge any such designation under Section 6 of this

02347.51731/4877824.1

PROTECTIVE ORDER
Case No.:  3:11-cv-02226-SI

Protective Order,  any discovery request served by one of Sony's co-defendants on Plaintiff Positive Technologies shall not be understood to cover any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material produced by Sony to Plaintiff Positive Technologies.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to  e-readers with electrophoretic displays and the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[3]  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end one (1) year after final termination of this action.

9.    SOURCE CODE

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS'

1    EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be

2    disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3    ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of

4    Designated House Counsel.

5            (c) Any source code produced in discovery shall be made available for inspection, in a

6    format allowing it to be reasonably reviewed and searched, during normal business hours or at other

7    mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed

8    upon location.  The source code shall be made available for inspection on a secured computer in a

9    secured room without Internet access or network access to other computers, and the Receiving Party

10   shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable

11   media or recordable device.  The Producing Party may visually monitor the activities of the

12   Receiving Party's representatives during any source code review, but only to ensure that there is no

13   unauthorized recording, copying, or transmission of the source code.

14           (d) The Receiving Party may request paper copies of limited portions of source code that

15   are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other

16   papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the

17   source code other than electronically as set forth in paragraph (c) in the first instance.  The

18   Producing Party shall provide all such source code in paper form, including bates numbers and the

19   label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the

20   amount of source code requested in hard copy form pursuant to the dispute resolution procedure and

21   timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the

22   Receiving Party is the "Designating Party" for purposes of dispute resolution.

23           (e) The Receiving Party shall maintain a record of any individual who has inspected any

24   portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper

25   copies of any printed portions of the source code in a secured, locked area.  The Receiving Party

26   shall not create any electronic or other images of the paper copies and shall not convert any of the

27   information contained in the paper copies into any electronic format.  The Receiving Party shall only

28   02347.51731/4877824.1

PROTECTIVE ORDER
Case No.:  3:11-cv-02226-SI

1    make additional paper copies if such additional copies are (1) necessary to prepare court filings,

2    pleadings, or other papers (including a testifying expert's expert report); (2) necessary for

3    deposition; or (3) otherwise necessary for the preparation of its case.  Any paper copies used during

4    a deposition shall be retrieved by the Producing Party at the end of each day and must not be given

5    to or left with a court reporter or any other unauthorized individual.

6    10.        PROTECTED MATERIAL SUBPOENAED OR

7               ORDERED PRODUCED IN OTHER LITIGATION

8               If a Party is served with a subpoena or a court order issued in other litigation that compels

9    disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

11   CODE," that Party must:

12              (a) promptly notify in writing the Designating Party.  Such notification shall include a

13   copy of the subpoena or court order;

14              (b) promptly notify in writing the party who caused the subpoena or order to issue in the

15   other litigation that some or all of the material covered by the subpoena or order is subject to this

16   Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

17              (c) cooperate with respect to all reasonable procedures sought to be pursued by the

18   Designating Party whose Protected Material may be affected.[4]

19              If the Designating Party timely seeks a protective order, the Party served with the subpoena

20   or court order shall not produce any information designated in this action as "CONFIDENTIAL,"

21   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL –

22   SOURCE CODE" before a determination by the court from which the subpoena or order issued,

23   unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear

24   the burden and expense of seeking protection in that court of its confidential material – and nothing

25   _____

26   [4] The purpose of imposing these duties is to alert the interested parties to the existence of this
     Protective Order and to afford the Designating Party in this case an opportunity to try to protect its
27   confidentiality interests in the court from which the subpoena or order issued.

28   02347.51731/4877824.1

                                                                    PROTECTED ORDER
                                                                    Case No.:  3:11-cv-02226-SI

1   in these provisions should be construed as authorizing or encouraging a Receiving Party in this

2   action to disobey a lawful directive from another court.

3   11.     A NON-PARTY'S PROTECTED MATERIAL

4           SOUGHT TO BE PRODUCED IN THIS LITIGATION

5           (a)  The terms of this Order are applicable to information produced by a Non-Party in this

6   action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

7   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced

8   by Non-Parties in connection with this litigation is protected by the remedies and relief provided by

9   this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

10  additional protections.

11          (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

12  Party's confidential information in its possession, and the Party is subject to an agreement with the

13  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

14          1.   promptly notify in writing the Requesting Party and the Non-Party that some or

15  all of the information requested is subject to a confidentiality agreement with a Non-Party;

16          2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in

17  this litigation, the relevant discovery request(s), and a reasonably specific description of the

18  information requested; and

19          3.   make the information requested available for inspection by the Non-Party.

20          (c)  If the Non-Party fails to object or seek a protective order from this court within 14

21  days of receiving the notice and accompanying information, the Receiving Party may produce the

22  Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

23  seeks a protective order, the Receiving Party shall not produce any information in its possession or

24  control that is subject to the confidentiality agreement with the Non-Party before a determination by

25

26

27

28  02347.51731/4877824.1

the court.[5]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED

       OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

02347.51731/4877824.1

PROTECTIVE ORDER
Case No.:  3:11-cv-02226-SI

1   no Party waives any right it otherwise would have to object to disclosing or producing any

2   information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

3   Party waives any right to object on any ground to use in evidence of any of the material covered by

4   this Protective Order.

5        14.3   <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable

6   laws and regulations relating to the export of technical data contained in such Protected Material,

7   including the release of such technical data to foreign persons or nationals in the United States or

8   elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical

9   data, and the Receiving Party shall take measures necessary to ensure compliance.

10       14.4   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or

11  a court order secured after appropriate notice to all interested persons, a Party may not file in the

12  public record in this action any Protected Material.  A Party that seeks to file under seal any

13  Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected

14  Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific

15  Protected Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order

16  will issue only upon a request establishing that the Protected Material at issue is privileged,

17  protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's

18  request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order

19  62 is denied by the court, then the Receiving Party may file the Protected Material in the public

20  record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

21  15.   <u>FINAL DISPOSITION</u>

22       Within 60 days after the final disposition of this action, as defined in paragraph 4, each

23  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

24  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

25  summaries, and any other format reproducing or capturing any of the Protected Material.  Whether

26  the Protected Material is returned or destroyed, the Receiving Party must submit a written

27  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

28  02347.51731/4877824.1

PROTECTIVE ORDER
Case No.:  3:11-cv-02226-SI

1  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

2  that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

3  abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

4  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

5  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

6  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

7  and expert work product, even if such materials contain Protected Material.  Any such archival

8  copies that contain or constitute Protected Material remain subject to this Protective Order as set

9  forth in Section 4 (DURATION).

10

11  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12

13  DATED:   May 27, 2012

14

15  ATTORNEYS FOR PLAINTIFF POSITIVE            ATTORNEYS FOR DEFENDANT SONY
    TECHNOLOGIES, INC.                          ELECTRONICS, INC.

16
    /s/ Bradley D. Coburn (with permission)      /s/ Robyn Bowland
17  Perry R. Clark                              Kevin P.B. Johnson
    LAW OFFICES OF PERRY R. CLARK               Anna Ison
18  825 San Antonio Road                        QUINN EMANUEL URQUHART &
    Palo Alto, CA 94303                         SULLIVAN
19  Telephone: (650) 248-5817                   555 Twin Dolphin Drive, 5th Floor
    Facsimile: (650) 618-8533                   Redwood Shores, California 94065
20  Email: perry@perryclarklaw.com              Telephone: 650-801-5000
                                                Facsimile: 650-801-5100
21  J. Scott Denko (Pro Hac Vice)               kevinjohnson@quinnemanuel.com
    (Texas State Bar No. 00792457)              annaison@quinnemanuel.com
22  Bradley D. Coburn (Pro Hac Vice)
    (Texas State Bar No. 24036377)
23  Steven J. Lauff (Pro Hac Vice)              David A. Nelson
    (Texas State Bar No. 24013011)              Robyn Bowland
24  DENKO COBURN LAUFF LLP                      QUINN EMANUEL URQUHART &
    1501 S MoPac Expy; Ste. A315                SULLIVAN
25  Austin, Texas 78746                         500 West Madison Street, Suite 2450
    Telephone: (512) 906-2074                   Chicago, Illinois  60661
26  Facsimile: (512) 906-2075                   Telephone: (312) 705-7400
    denko@dcllegal.com                          Facsimile:  (312) 705-7499
27  coburn@dcllegal.com                         davenelson@quinnemanuel.com
                                                robynbowland@quinnemanuel.com
28  02347.51731/4877824.1
                                                             PROTECTIVE ORDER
                                                             Case No.:  3:11-cv-02226-SI

lauff@dcllegal.com

R. James George, Jr. (Pro Hac Vice)
(Texas State Bar No. 07810000)
GEORGE & BROTHERS LLP
1100 Norwood Tower
114 W. 7th Street
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499- 0094
Email: rjgeorge@georgeandbrothers.com

James Glass
QUINN EMANUEL URQUHART &
SULLIVAN
51 Madison Avenue, 22d Floor
New York, New York  10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
jimglass@quinnemanuel.com

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: __ 8/2/12 _____   _____

Hon. Susan Illston

United States District Judge

02347.51731/4877824.1

PROTECTIVE ORDER
Case No.:  3:11-cv-02226-SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for the

Northern District of California on _____ [date] in the case of Positive Technologies v. Sony et al.,

Case No.:  3:11-cv-02226-SI agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related

to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

02347.51731/4877824.1

PROTECTIVE ORDER
Case No.:  3:11-cv-02226-SI

Signature: _____

Dated this __ day of _____, ____.

Respectfully submitted,

By: /s/_____