IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSITIVE TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br>  v.<br><br>SONY ELECTRONICS, INC.; DELL, INC.; ASUS COMPUTER INTERNATIONAL; AMAZON.COM, INC.; BARNES & NOBLE, INC.; and KOBO INC.,<br><br>    Defendants.<br>_____/ | No. C 11-02226 SI<br><br>**ORDER SETTING BRIEFING AND HEARING ON DISCOVERY DISPUTE** |

Currently before the Court is a joint motion by defendants Amazon and Barnes & Noble for a protective order barring discovery of sales information for non-accused products. Dkt. 375. By this order, the Court hereby sets the matter for briefing and a hearing as discussed below.

Plaintiff Positive Technologies Inc. ("Positive") has alleged infringement of its patents relating to electrophoretic displays used in e-books. *See generally* Compl. Positive currently seeks discovery of sales information for certain non-accused products, including e-content, accessories, and services, which either require accessing the accused products or which are sold to complement the accused products. Defendants Amazon and Barnes & Noble argue that because the non-accused product discovery Positive seeks is only remotely related to any reasonable royalty analysis, the burden should be on Positive to show why this discovery is necessary for its damages analysis. According to defendants, for any reasonable royalty base that uses the non-accused products as part of that base calculation, plaintiffs must establish that the entire-market-value-rule ("EMRV") applies. To apply the EMRV "the patentee must prove that the patent-related feature is the basis for customer demand." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1336 (Fed. Cir. 2009).

1  Positive argues that non-accused product discovery is imperative to calculate its reasonable
2 royalty rate, not to the reasonable royalty base calculation. Positive notes that it has never asserted that
3 it seeks non-accused product discovery as part of a reasonable royalty base calculation. Such discovery
4 is necessary here, Positive claims, pursuant to *Georgia-Pacific* factor six ("GP6"), which examines "the
5 effect of selling the patented specialty in promoting sales of other products of the licensee; the existing
6 value of the invention to the licensor as a generator of sales of his or her nonpatented items; and the
7 extent of which derivative or convoyed sales." *Georgia-Pacific Corp. v. United States Plywood Corp.*,
8 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d. Cir. 1971). GP6,
9 Positive argues, is used in calculating the royalty rate, which "is not to be confused with the application
10 off the [EMRV] to the royalty base." *Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1372 n.6 (Fed. Cir.
11 2008).

12  The Court tentatively agrees with Positive's position. Positive has made a showing that the
13 confidential sales information for the non-accused products is discoverable because it is essential to
14 Positive's reasonable royalty rate calculation, as part of its damages analysis. *See Implicit Networks,*
15 *Inc. v. Juniper Networks, Inc.*, No. C 10-04324 SI (N.D. Cal. July 23, 2012). First, Positive seeks *non-*
16 *accused* product discovery in order to calculate a reasonable royalty rate, which is sometimes defined
17 as a percentage that is multiplied by the dollar amount of infringing sales of the *accused product* – the
18 royalty base – in order to arrive at a reasonable royalty damages sum. *See Lucent*, 580 F.3d at 1338-39
19 (citing Raymond T. Nimmer & Jeff Dodd, Modern Licensing Law § 7:5 (2008)). Although Positive has
20 not precisely defined these terms in this case, generally such discovery is permissible under Federal
21 Rule of Civil Procedure 26. Accordingly, the Court rejects defendants' preferred discovery standard,
22 that plaintiffs must demonstrate "likelihood of such non-accused sales being allowed into evidence at
23 trial." Dkt. 375 at 1. Second, even if Positive seeks discovery of non-accused products to use as part
24 of its calculation of the reasonable royalty base, such discovery may be permissible depending on the
25 nature of the royalty base at issue. Defendants' view that plaintiff must establish that the EMRV applies
26 in order to use "*any* royalty base" that relies on non-accused product discovery (Dkt. 375 at 1, emphasis
27 added) appears improperly restrictive. As Positive notes, EMRV is one of several potential methods
28 for determining the royalty base. Presumably, though Positive does not say so, Positive could employ

2

some other method for affixing a royalty base, such as the amount of sales of the *accused* product that contains the infringing patent. More importantly, here, Positive has said that it does not seek this discovery based on any EMRV analysis.

However, upon preliminary review, the discovery Positive seeks appears to be broader than what is merited by Positive's damages argument. For example, to the extent Positive seeks gross sales and revenue information about non-accused products, Positive's request appears overly broad. However, other requests, such as those requests for documents relating to any relationship between selling the accused devices and sales of non-accused products, appear to be justified by Positive's damages argument. The latter type of request appears to be related to Positive's royalty rate position – that there is *some* relationship between the inclusion of Positive's patented technology in the accused products and sales of non-accused products. The trouble here, as defendants Amazon and Barnes & Noble observe, is that Positive has not come forward with a more detailed damages position that would enable the Court to resolve this dispute. While it is clear that some discovery of non-accused products may be justified here, Positive has only provided hints at how it intends to use the information it seeks.

Accordingly, the Court hereby DIRECTS Positive to file a brief, **no longer than 10 pages**, due no later than **December 7, 2012**, discussing with more precision, the scope of the information sought, its damages position(s), and how or whether that information is related to that position(s). Defendants Amazon and Barnes & Nobles may file a reply no later than **December 14, 2012**, **also not to exceed 10 pages**. The Court will hear argument on the matter on **December 21, 2012, at 9am**.

**IT IS SO ORDERED.**

Dated: December 3, 2012

SUSAN ILLSTON
United States District Judge

3