IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSITIVE TECHNOLOGIES, INC., | No. C 11-02226 SI |
| Plaintiff, | **ORDER RE: ADMINISTRATIVE MOTION TO SEAL** |
| v. | |
| SONY ELECTRONICS INC., DELL, INC., ASUS COMPUTER INTERNATIONAL, AMAZON.COM, INC., BARNES & NOBLE, INC., and KOBO INC., | |
| Defendants. | |

Currently before the Court is plaintiff Positive Technologies Inc.'s ("Positive") administrative motion to file documents under seal. Positive seeks to seal Exhibits 2, 3, 4, and 5 to the declaration of Bradley Coburn in support of Positive's opposition to Amazon's motion for entry of a model order regarding e-discovery because defendant Amazon.com ("Amazon") has designated these documents "highly confidential" pursuant to a protective order. Pursuant to Civil Local Rule 79-5(d), within 7 days the party designating the document as confidential – defendant Amazon – must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality.

"A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Civ. L. R. 79-5(a). With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d

1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient for the Court to file the documents under seal. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must still make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 11–CV–01846 LHK (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Phillips*, 307 F.3d at 1211.

Positive's administrative motion was filed on November 28, 2012, from which Amazon had 7 days to make a filing consistent with Local Rule 79-5(d). Amazon has not done so, nor has it requested any extension of time. Accordingly, the Court DIRECTS defendant Amazon to make the requisite showing that the documents at issue are sealable, **no later than December 20, 2012**. If Amazon does not do so, the documents will be appended to Positive's opposition papers and made part of the public record.

**IT IS SO ORDERED.**

Dated: December 17, 2012

SUSAN ILLSTON
United States District Judge

2