**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSITIVE TECHNOLOGIES, INC., | No. C 11-2226 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** |
| v. | |
| SONY ELECTRONICS, INC., et al., | |
| Defendants. | |

Defendants Amazon.com, Inc. and Barnes & Noble, Inc. ("defendants") have moved for leave to amend their invalidity contentions. Plaintiff has filed an opposition to which defendants have replied. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter appropriate for disposition without oral argument. For the reasons set forth below, the Court GRANTS defendants' motion.

**BACKGROUND**

Plaintiff Positive Technologies, Inc. ("Positive") filed this patent infringement action against a number of defendants who manufacture, market, or sell "several types of consumer electronics, including but not limited to laptop computers, desktop computers, all-in-one computers, and e-readers incorporating an LCD or electrophoretic display panel utilizing display acceleration techniques" claimed in the patents. Compl. ¶ 29. In 1991, Positive's founder and principal owner, Robert Hotto, filed the patent application that later issued as U.S. Patent No. 5,280,280, which is the parent patent of the three patents-in-suit in this case. *Id.* ¶ 20. These three patents-in-suit concern the circuitry for intelligently controlling matrix displays in flat panel screens, including electrophoretic displays and liquid crystal displays. The invention seeks to improve the manner in which drive signals are applied to individual

picture elements in a screen in order to cause images to display more accurately and efficiently.

Defendants served their original invalidity contentions on or about October 26, 2011. Mason Decl. ¶ 3. Fact discovery is set to close on June 14, 2013 and the expert discovery cutoff is July 12, 2013. Trial is currently set for October 15, 2013. To date, only one deposition has taken place and plaintiff has produced approximately 45,000 pages of documents. *Id*. ¶¶ 1-2. The parties also have several pending discovery disputes. *See* Dkts. 375, 380, 381.

Defendants seek leave to file two types of amendments: (1)"conforming amendments" intended to conform defendants' contentions to the Court's Claim Construction Order by providing "greater specificity" with respect to patent defenses and focusing "the issues in the case by specifically tailoring the [claim] charts to the Court's claim constructions." (Def. Rep. at 4); and (2) "new-art amendments," which add three prior art references discovered as a result of a search motivated by the Court's Claim Construction Order and by Positive's briefing in advance of the *Markman* hearing (Def. Rep. at 3-4). In particular, the conforming amendments propose to: (a) amend existing claim charts for two prior art references relating to ferroelectric displays – namely EP 0 368 117 and U.S. Patent No. 4,864,290; and (b) to "conform invalidity defenses under 35 U.S.C. § 112 to the Court's claim constructions, remove certain § 112 arguments, and make organizational changes that better focus Defendants' invalidity arguments." Def. Mot. at 7. The new-art amendments propose to add references to: (a) Wahl, et al., *Experimental drive and addressing techniques for ferroelectric liquid crystal devices*, J. Phys. E.: Sci. Instrum. 21:46-66 (1988); (b) U.S. Patent No. 4,964,699; and (c) U.S. Patent No. 4,904,064. Positive's sole quarrel with defendants' motion is that defendants have not met their burden to show diligence in discovering the new-art amendments or in proposing the conforming amendments.

## LEGAL STANDARD

The Patent Local Rules provide, in relevant part: "Amendment or modification of the . . . Preliminary or Final Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." Patent L.R. 3-6. "The local patent rules in the

Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1365-66 (Fed. Cir. 2006). In determining whether a motion for leave to amend invalidity contentions should be granted, this Court has examined such factors as the relevance of newly-discovered prior art, whether the request to amend is motivated by gamesmanship, and whether the opposing party will be prejudiced by the amendment. *See Yodlee, Inc. v. CashEdge, Inc*., 2007 WL 1454259, *2-3 (N.D. Cal. May 17, 2007).

In contrast to the more liberal policy for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q-Lity Computer Inc*., 211 F.R.D. 360, 367 (N.D. Cal. 2002) (citation omitted). The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

**DISCUSSION**

Positive argues that defendants have failed to demonstrate good cause for amendment because there has been no showing of diligence. Positive contends that not only have defendants failed to assert facts demonstrating diligence, the record affirmatively shows that defendants lacked diligence in discovering the three new prior art references. Positive also asserts that defendants fail to show diligence with respect to the conforming amendments.[1] The Court disagrees with Positive on both

---

[1] Although Positive generally opposes the defendants' conforming amendments, Positive's opposition only focuses on the alleged lack of diligence in discovering the new-art amendments. Accordingly, the Court only addresses Positive's new-art arguments, though the Court's findings apply

3

fronts. At the outset, the Court notes that the diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered. *See, e.g., Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007). Here, defendants have shown reasonable efforts in both phases.

Positive's opposition focuses only on pre-discovery diligence and asserts that defendants' motion provides only conclusory statements to show diligence in discovering the new-art amendments. The Court disagrees. Defendants provide a detailed time-line showing that they made reasonable efforts to discover this information in response to new or changed circumstances in the case. *See, e.g.,* Mason Decl. ¶¶ 3-20. Far from a lack of diligence, the record shows that defendants' efforts to discover the new-art amendments and to seek amendment were reasonable.

Defendants contend that two events caused them to renew their efforts to discover prior art references subsequent to filing their original invalidity contentions in October 2011. First, on February 24, 2012, Positive filed its opening *Markman* brief, in which it made claims about Mr. Hotto's inventions. In particular, Positive asserted that Mr. Hotto "invented a system to use microprocessors and memory to provide drive signals to a matrix display based on both the current state of the pixels displaying an image and the characteristics of the next (or 'demanded') image to be displayed." Dkt. 267 at 6. Second, on July 3, 2012, this Court issued its Claim Construction Order, in which the Court disagreed with defendants' construction of "matrix display" to include only polarity-independent devices. Instead, the Court held that "matrix display" includes both polarity-dependent and polarity-independent devices. Dkt. 351 at 10. Defendants' newly discovered references all relate to polarity-dependent devices. Thus, defendants' proposed new-art amendments serve a dual purpose – to rebut Mr. Hotto's invention claim and to react to the Court's inclusion of polarity-dependent devices.

According to defendants, they engaged in a multi-tier review in response to both events and on August 30, 2012, they made Positive aware of the existence of new prior art references – approximately

---

equally to defendants' conforming amendments.

4

6 months after Positive's *Markman* brief and less than 2 months after the Court's Order. *See* Def. Mot. at 2-4; Mason Decl. ¶¶ 3-4; Def. Rep. at 3. Positive's opposition essentially is that defendants did not act quickly enough in discovering these references and that defendants should have been on notice as to the existence of these references because defendants included similar polarity-dependent references in their original invalidity contentions, in a *Markman* tutorial slide, and in an expert declaration. That the proposed prior art references were "right under Defendants' noses," Positive suggests, demonstrates that they were not diligent in discovering them. Pl. Opp. at 9. On Positive's view a party must identify *all* relevant prior art references that *may* become relevant to all possible claim constructions. This is not the law and this Court declines to adopt such a standard for diligence. On Positive's circular view, amendment of invalidity contentions would either never be necessary or would be impossible because the party proposing amendments would either always be diligent the first time or would be found to lack diligence for not having thoroughly investigated the "obviously" relevant references in the first place.

Here, the Court's Claim Construction Order and the inclusion of the Hotto invention claim in Positive's *Markman* brief made it reasonable for defendants to dig even deeper than they had previously with respect to polarity-dependent devices. Accordingly, defendants identified the new information in a timely manner, informed Positive of the new references, attempted to get Positive to stipulate to amendment, and after an unsuccessful meet-and-confer with Positive, defendants filed the instant motion for leave on November 7, 2012. *See* Mason Decl. ¶¶ 3-10.

The parties also dispute whether diligence is a threshold question or whether it is one of several factors the Court must consider in its good cause analysis. Because the Court finds that defendants' efforts demonstrate diligence both as to discovering the prior art and as to making the motion for leave to amend, the Court need not address the parties' dispute as to the role of diligence in showing good cause. Additionally, the Court notes that Positive makes no arguments as to the relevance of newly-discovered prior art, whether the request to amend is motivated by gamesmanship, and whether the opposing party will be prejudiced by the amendment. *See Yodlee, Inc. v. CashEdge, Inc*., 2007 WL 1454259, *2-3 (N.D. Cal. May 17, 2007). Given the timing of defendants' request, well before the close

5

of discovery and absent any showing of prejudice to Positive, the Court finds that amendment here will advance the fair resolution of the parties' issues on the merits.

## CONCLUSION

For the foregoing reasons, defendants' motion for leave to amend its invalidity contentions is GRANTED. Defendants' amended invalidity contentions shall be consistent with those proposed in Exhibit 2 to the Declaration of Stephen J. Joncus (Dkt. 398-3) and shall be filed **no later than February 8, 2013**.

**IT IS SO ORDERED.**

Dated: January 28, 2013

SUSAN ILLSTON
United States District Judge