United States District Court
Northern District of California

**POSITIVE TECHNOLOGIES, INC.,**

Plaintiff,

v.

**SONY ELECTRONICS, INC, et al.,**

**Defendants.**

Case No.: 11-cv-2226 SI (KAW)

**ORDER DENYING MOTION FOR ENTRY OF A MODEL ORDER WITHOUT PREJUDICE, AND DENYING ADMINISTRATIVE MOTIONS TO SEAL**

## I. Motion for Entry of a Model Order Regarding E-Discovery

Defendant Amazon.com ("Amazon") filed a motion for entry of the Federal Circuit Advisory Council's Model Order Regarding E-Discovery in Patent Cases in this case. Dkt # 381. Plaintiff filed an opposition, and Amazon filed a reply. Dkt # 383, 388. The matter was referred to the undersigned. Dkt # 392.

After reviewing the parties' briefs and proposed orders regarding e-discovery, the Court finds that the parties have not sufficiently met and conferred regarding the dispute. The parties are ordered to meet and confer in person, or by telephone if an in-person meeting is not feasible, within 14 days of the date of this order. The parties shall make reasonable compromises, and shall endeavor to prepare a stipulated proposed order regarding e-discovery in this case. Amazon is advised that some portions of the model order are obviously inapplicable to this case—for example, that the parties shall jointly submit proposed modifications within 16 days of the Federal Rule of Civil Procedure 16 conference, which has long since passed in this case. Plaintiff is advised that the Court otherwise considers the model order to be a presumptive starting point for this case.

If the parties are unable to resolve their dispute after meeting and conferring, they may file a file a joint letter complying with the undersigned's standing order, available at http://cand.uscourts.gov/kaworders, no later than 21 days from the date of this order.

## II.   Administrative Motions to Seal

Pursuant to Civil Local Rule 79-5(d), Plaintiff filed an administrative motion to seal portions of the exhibits to the declaration of Bradley Coburn in support of its opposition brief to Amazon's motion for entry of the Federal Circuit Advisory Council's Model Order. Dkt # 384. Local Rule 79-5(d) requires the designating party to file a declaration establishing that the materials are sealable within seven days of the filing of the administrative motion to seal. Amazon did not file a declaration establishing that the material was sealable within that time.

Judge Illston issued an order directing Amazon to make a showing that the documents were sealable, and warned Amazon that if it failed to do so, "the documents will be appended to Positive's opposition papers and made part of the public record." Dkt # 391. The order set forth the standard for filing documents under seal in connection with nondispositive motions:

> When applying to file documents under seal in connection with a nondispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient for the Court to file the documents under seal. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must still make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 11–CV–01846 LHK (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Phillips*, 307 F.3d at 1211.

*See id.* at 2. In response, Amazon filed a two-page declaration stating that the exhibits contain small amounts of confidential material, including: sales information for the accused products, internal code names for Amazon products, identification and association of Amazon employees with performance of certain work on specific Amazon products, the confidential name of a third party manufacturer who Amazon works with in the engineering and manufacture of the accused

products, identification of component parts used in the accused devices, names of databases and software used internally at Amazon in design, development, and debugging of products, and identification of issues encountered by Amazon in the design and development of the accused products. Dkt # 396. The declaration attests that "Amazon maintains this information as confidential and does not disclose this information to the public." *Id.* at 2.

Although Amazon was specifically directed by Judge Illston to make a particularized showing that specific harm or prejudice would result if the information designated as confidential were to be disclosed, Amazon failed to do so. The declaration does not even discuss *any* harm that would result from the documents' disclosure. Other than its assertion that some of the information in the documents is kept confidential, Amazon has failed to provide any justification for filing any portion of the documents under seal. Plaintiff's administrative motion to file under seal is, therefore, denied.

After Amazon filed its declaration in response to Judge Illston's order, Plaintiff filed a brief opposing Amazon's declaration, together with a supporting declaration and exhibits. Dkt # 401-1, 401-2. The brief argues that Amazon's declaration does not meet the legal standards for sealing, and further, that each of the seven categories of information identified in the declaration is publicly available on the internet. The supporting declaration attests that the attached exhibits were printed from the internet. In conjunction with these filings, Plaintiff filed another administrative motion to file under seal, as some of the exhibits Plaintiff's counsel attests that he obtained from the internet contain information that has been designated "confidential" by Amazon. Dkt # 401.[1]

Amazon filed a brief opposing Plaintiff's second administrative motion to file under seal. Dkt # 400. The brief argues that Plaintiff's filing in opposition to Amazon's declaration was improper, as it is not allowed by the applicable local rule, and was filed nineteen days after Amazon's declaration was filed. *Id.* The following day, Amazon's counsel filed a declaration regarding Plaintiff's second administrative motion to seal. Dkt # 403. The declaration states that

---

[1] This filing was originally docket entry 399, but was refiled as docket entry 401 to correct an error.

3

"Amazon does not object to [Plaintiff]'s filing of publicly available third party speculation as to Kindle devices or other Amazon products. Amazon does object to [Plaintiff] confirming or corroborating any third party speculation based on confidential Amazon information regarding the accused products that [Plaintiff] has learned through this litigation." *Id.* The declaration attests that all of the redacted portions of the brief contain "**CONFIDENTIAL** Amazon information that [Plaintiff] learned through this litigation." *Id.* at 2 (emphasis in original). The declaration further attests that Amazon maintains this information as confidential, and lists categories of information that Amazon requests be filed under seal.

It is true that there was no basis for Plaintiff to file a brief in opposition to Amazon's declaration. Neither Civil Local Rule 79-5 nor Judge Illston's order contemplate such a filing. Accordingly, the Court does not consider the arguments raised in Plaintiff's brief and supporting declaration (Dkt # 401-1, 401-2).

But Amazon's second declaration does not establish that the information discussed in Plaintiff's second administrative motion to file under seal is sealable. Amazon's second declaration is as deficient as its first, as it does not establish that specific harm or prejudice will result from the disclosure of the information. Accordingly, Plaintiff's second administrative motion to file under seal is denied, and unredacted versions of the documents will be made part of the public record.

///

///

### III. Conclusion

For the reasons explained above, it is hereby ORDERED:

1. Amazon's motion for entry of the Federal Circuit Advisory Council's Model Order Regarding E-Discovery in Patent Cases is denied without prejudice. *See* Dkt # 381. The parties must meet and confer regarding this discovery dispute, and may file a joint letter regarding the dispute no later than 21 days from the date of this order.

2. Plaintiff's administrative motions to file under seal are denied. *See* Dkt # 384, 401. The Clerk of the Court is ordered to make the documents lodged in connection with these administrative motions part of the public record.

IT IS SO ORDERED.

**Dated: February 1, 2013**              _____
                                         **KANDIS A. WESTMORE**
                                         **UNITED STATES MAGISTRATE JUDGE**