United States District Court
Northern District of California

**POSITIVE TECHNOLOGIES, INC.,**

   **Plaintiff,**

v.

**SONY ELECTRONICS, INC, et al.,**

   **Defendants.**

**Case No.: 11-cv-2226 SI (KAW)**

**ORDER REGARDING DISCOVERY DISPUTE**

Plaintiff and Defendant Barnes & Noble filed a joint statement regarding the production of technical documents and sales and marketing documents. *See* Dkt # 380. On January 25, the undersigned ordered the parties to submit a supplemental joint letter explaining which issues raised in the original joint statement were still unresolved. Dkt # 408. The parties complied, filing their supplemental brief on January 31. Dkt # 411.

At the February 7 hearing, Rachel Capoccia appeared on behalf of Defendant, and Bradley Coburn appeared on behalf of Plaintiff. For the following reasons, the Court orders Defendant to search for and produce a number of documents.

**I. Summary of Dispute**

In the original joint statement, Plaintiff argued that Defendant had failed to produce two broad categories of documents. First, Defendant had not produced any sales and marketing documents relating to the accused instrumentalities. Second, Defendant had not produced all technical documents relating to the development of the accused instrumentalities.

Defendant argued, primarily, that it had been trying to find all of the responsive documents, and was in the process of preparing to produce most of the documents that were the subject of the motion to compel. Defendant also asserted that it did not have any more responsive documents in certain categories.

In the supplemental joint letter, Plaintiff argues that Defendant's production is deficient in the following ways: 1) Excel spreadsheets have been produced in unusable, non-native format; 2) responsive documents contained in Defendant's wiki for the Nook Wi-Fi have not been completely produced; 3) documents contained in Defendant's SFTP site have not been completely produced; 4) electrophoretic display waveform files have not been produced in their native format; and 5) Defendant's production of sales and marketing documents is incomplete.

## II.    Analysis

### 1.    Excel Spreadsheets

Plaintiff complains that over 75% of Defendant's document production has been in the form of Excel spreadsheets that are in an unusable, non-native format.  For example, one spreadsheet with 17 columns and 18,000 rows has been produced in over 1,000 pages.  Plaintiff requests that the Court compel Defendant to produce the spreadsheets in native format.  Defendant argues that it is not reasonable or necessary for it to produce all of the spreadsheets in native format, but that it will produce any particular spreadsheet in native format if Plaintiff requests.

Federal Rule of Civil Procedure 34(b)(2)(E)(ii) provides, "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form."  At the hearing, Plaintiff showed the Court an example of one of the spreadsheets as produced.  In order to view an entire row, the pages of the spreadsheet would have to be lined up along a long table or across the floor.  The Court finds that this is not a reasonably usable form.

Although Defendant argued that some of the spreadsheets are usable as produced, and suggested that the parties meet and confer further regarding which of the spreadsheets are objectionable, the Court finds it more efficient to order the production of all of the spreadsheets in their native form.  Defendant does not argue that such a production would be unduly costly.  The spreadsheets shall be produced with metadata showing the custodian of the spreadsheet.  Although this information may not be completely accurate in all cases, it will aid Plaintiff in deciding who to depose in connection with the spreadsheets.

**2. Wiki Page**

Plaintiff argues that Defendant has not produced technical documents that likely exist in its wiki page for the Nook Wi-Fi. Defendant has produced a status page for the Nook Wi-Fi, which is part of Defendant's wiki. The status page contains 44 links to a variety of technical documents, but none of those documents have been produced.

Defendant states that it has searched for the specific documents referenced in the status page, but it does not have them. Defendant did find documents that both parties would agree are not relevant, such as documents relating to the wireless functionality, and it has made these documents available to Plaintiff despite their lack of relevance.

Plaintiff argues that the status page showS that Defendant was in possession of the referenced documents long after the complaint was filed on July 22, 2010, and therefore it had a duty to preserve the documents even if it really does not have them. Plaintiff asks that the Court order Defendant to produce the entire wiki page related to the accused Nook products.

At the hearing, Defendant's counsel represented to the Court that it had twice conducted a reasonable search, and that all responsive documents had been produced. This is all that Defendant needs to do to satisfy its discovery obligations. Given this representation, the Court will not order Defendant to produce the entire contents of the wiki page.

**3. SFTP Site**

Plaintiff claims that after this lawsuit had been filed, Defendant hosted an SFTP site with directories and subdirectories containing design documents, software, waveforms, and other documents that have not been produced.

At the hearing, Defendant's counsel stated that she just became aware of this issue on the day the supplemental joint statement was filed. She explained that Defendant never used these sites as document repositories, but only as a temporary method of sharing documents. There may be several SFTP sites on which documents were posted. However, all of the documents on the SFTP sites were likely also contained in other places as well. Defendant's counsel again represented that after a reasonable search, it had produced all responsive documents. Again, this

representation by counsel shows that Defendant has satisfied its discovery obligation, and the Court does not order further search or production regarding this category of documents.

### 4. Waveform Files

Plaintiff claims that Defendant has produced documents purporting to attach waveform files, but has not produced the attached files. Plaintiff asks the Court to compel the production of the files, as well as any software or firmware used by the display controller in the accused Nook products to interact with the waveform files. Defendant states that it has agreed to produce the waveform files. It states that it is not under an obligation to produce software or firmware, because the software and firmware are equally available to Plaintiff.

At the hearing, the parties explained that the waveform files had been produced, and that this dispute has been resolved.

### 5. Sales and Marketing Documents

Plaintiff argues that Defendant's production of sales and marketing documents is incomplete, as it is limited to user surveys and other incidental documents, rather than, for example, analyses and reports, competitive analyses, and comparisons to and integrations with traditional book sales strategies.

At the hearing, Defendant admitted that it had not yet finished its search for responsive documents in this category. Although Defendant complains that Plaintiff's requests are overbroad and ambiguous, Defendant's counsel stated that she believed that the scope of the requests had been sufficiently narrowed through the meet and confer process to enable Defendant to comply with the requests. Plaintiff's counsel expressed doubt on this point.

As explained on the record, the Court grants Defendant three weeks from the date of the hearing to complete its production of responsive documents. Should any disagreements arise regarding the scope of the production, the parties are ordered to meet and confer in good faith, and make every reasonable effort to resolve the dispute without Court intervention.

///

///

### III. Conclusion

By February 28, 2013, Defendant must 1) produce spreadsheets in their native format, including metadata identifying the custodian of each spreadsheet; and 2) complete its production of sales and marketing documents.

IT IS SO ORDERED.

**Dated: February 11, 2013**

_____
**KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE**