United States District Court
Northern District of California

POSTITIVE TECHNOLOGIES, INC.,

    Plaintiff,

v.

SONY ELECTRONICS, INC, et al.,

    Defendants.

Case No.: 11-cv-2226 SI (KAW)

ORDER GRANTING PLAINTIFF'S REQUEST TO COMPEL DISCOVERY

    This patent case, in which Plaintiff Positive Technologies alleges that Defendant Barnes & Noble ("Defendant") and other Defendants have infringed on several of its patents, has been referred to the undersigned for discovery purposes.

    Defendant and Plaintiff have filed a joint letter regarding a discovery dispute. *See* Dkt # 414. Plaintiff alleges that Defendant's products, the Nook Wi-Fi and Nook 3G + Wi-Fi, infringe on its patents. Plaintiff seeks discovery regarding Defendant's patent licenses related to these E-Readers—including a specific patent license called the "Spring Design" license—in order to prepare its damages case. Defendant argues that the discovery sought is not relevant.

    For the following reasons, the Court grants Plaintiff's request to compel discovery.

**I.    Background**

    Plaintiff asks the Court to compel Defendant to identify and produce patent licenses relating to the E-Readers. *See* Joint Letter, Dkt # 414 at 1. Defendant has agreed to produce only those patent licenses relating to the accused features of the E-Readers—that is, patent licenses relating to the display controls in the E-Readers. Defendant refuses to identify or produce other

patent licenses related to the E-Readers, on the basis of relevance and "unnecessary burden."[1] *See id.* at 5, Ex. A (Defendant's responses to Plaintiff's first set of requests for production), Ex. B (Defendant's objections and responses to Plaintiff's third set of requests for production), Ex. C (Defendant's objections and responses to Plaintiff's second set of interrogatories). Defendant argues that because none of the patent licenses requested are comparable to a hypothetical patent license for the display controller of the E-Reader, the patent licenses are not relevant for the purposes of discovery.

As a compromise, Plaintiff has suggested that Defendant produce the Spring Design license, and identify all of the patents covered by the rest of the patent licenses requested, so that Plaintiff would better be able to assess which licenses are most likely to lead to admissible evidence and should be produced. Defendant has not accepted this compromise.

## II. Analysis

The federal rules provide that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevance has been broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

"Relevancy for discovery is flexible and has a broader meaning than admissibility at trial." *See Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582-83 (N.D. Cal. 2008), citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir. 1981). Thus, the relevancy standard for the purpose of discovery should not be conflated with the relevancy standard for admissibility at trial. *See Barnes & Noble, Inc. v. LSI Corp.*, C 11-02709 EMC LB, 2012 WL 1564734 *5 (N.D. Cal. May 2, 2012).

---

[1] Plaintiff states that Defendant bases its refusals on two objections: confidentiality and admissibility. Joint Letter at 2. Defendant actually argues that the discovery sought is not relevant, and is unnecessarily burdensome. *Id.* at 5.

1 Plaintiff contends that the discovery sought is reasonably calculated to lead to the discovery of admissible evidence regarding a reasonable royalty. In patent cases where the plaintiff does not claim lost profits—which is the case here—damages are assessed by determining the "reasonable royalty" the plaintiff would have received through arms-length bargaining. *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). The court tries to calculate the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before the infringement began. *See id.*, citing *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). The second factor listed in *Georgia-Pacific* to determine a reasonable royalty is "[t]he rates paid by the licensee for the use of other patents comparable to the patent in suit." *Id.*

The discovery Plaintiff seeks—Defendant's patent licenses related to the accused instrumentalities—is reasonably calculated to lead to the discovery of admissible evidence, because some of the patent licenses related to the E-Readers may be sufficiently comparable to the patents-in-suit—which allegedly relate to display control in the E-Readers—to be probative of *Georgia-Pacific* factor two. *See Barnes & Noble, Inc.*, No. C 11–02709, 2012 WL 1564734 at *5-*6 (finding that "possibly-comparable license agreements" were discoverable "under Rule 26's broad mandate," even though they might not be admissible); *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 583 (N.D. Cal. 2008) ("The court need not determine at this time whether the evidence will actually end up being admissible in this litigation").

Defendant argues that the licenses are not discoverable because they are not relevant. Defendant cites several Federal Circuit cases in support of its argument that the discovery Plaintiff seeks—Defendant's patent licenses related to the E-Readers—is not sufficiently related to the patents-in-suit, and therefore need not be produced. *See Lucent Tech. v. Gateway, Inc.*, 580 F.3d 1301, 1325, 1327-28 (Fed. Cir. 2009); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 868-73 (Fed. Cir. 2010); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 80-81 (Fed. Cir. 2012). But all of these cases address admissibility at trial, not discoverability. As noted above, relevancy for the purposes of admissibility should not be conflated with relevancy for the purpose of discovery.

Defendant further cites several district court cases limiting discovery of patent licenses under certain circumstances. The cases are neither controlling nor persuasive. The District Court of Utah limited discovery of licensing information after an *in camera* review of "licenses directed to the use of trademarks, product packaging, a mop system, a surfactant, and a binding polymer" because they were not comparable to the patents at issue, which related to "disinfecting technology." *See Probert v. The Clorox Co*., 258 F.R.D. 491, 500 (D. Utah 2009) *aff'd sub nom. Probert v. Clorox Co., Inc.,* 404 F. App'x 486 (Fed. Cir. 2010). Here, the Court has not reviewed the licenses at issue. The discovery sought appears to be relevant on its face, as the rates paid by Defendant for some patent licenses related to components of the E-Readers may be probative of the rate that Defendant might have paid for the hypothetical patent licenses at issue here. Defendant has not shown that the discovery sought is non-comparable to the hypothetical licenses at issue, in the same way that licenses for the use of trademarks are not comparable to licenses for disinfecting technology.

Similarly, the Southern District of New York limited discovery by ruling, without analysis, that the Plaintiff was not entitled to "licenses unrelated to the Patents-in-Suit." *Funai Elec. Co. Ltd. v. Orion Elec. Co., Ltd.*, Nos. C 02-2605, C 01-3501, 2002 WL 1808419 at *16 (S.D.N.Y. Aug. 7, 2002). Here, the discovery Plaintiff seeks appears on its face to be related to the patents-in-suit. Finally, the Southern District of California limited discovery of certain licenses because their probative value was outweighed by the burden of the production.[2] *See Wi-Lan Inc. v. Research in Motion Corp.*, No. C10-859, 2010 WL 2998850 *4-*5 (S.D. Cal. July 28, 2010). Here, although Defendant states in passing that the discovery would constitute an unnecessary burden, it has not explained why it would be burdensome, let alone unduly burdensome, to produce the discovery.

---

[2] The court wrote: "The responsive production would span 20 years of licensing and encompass the review of millions of pages of paper and electronic documents, many of which are in storage. . . . A large number of individuals would be involved in the search and production . . . it can be further anticipated that additional discovery, in the form of depositions, will be sought to interpret and appreciate the scope and context of each agreement, resulting in further burden to . . . a non-party." *Wi-Lan Inc. v. Research in Motion Corp.*, No. C10-859, 2010 WL 2998850 *4-*5 (S.D. Cal. July 28, 2010). Defendant has provided no specific information regarding the burden producing the licenses would entail.

4

Plaintiff further seeks discovery of Defendant's "Spring Design License," which was apparently drafted and agreed upon as part of a settlement in unrelated litigation. The license was described in a press release by Defendant as a "paid-up royalty free license for the entire portfolio of Spring Design patents and patent applications." Joint Letter at 2. Plaintiff asserts that the license includes matrix display patents for the matrix displays used by Defendant's accused instrumentalities. *Id.* at n.1. Defendant refuses to produce the license; it argues that because the license was the result of a settlement in a trademark case, rather than a patent case, it is not "remotely comparable or in any way relevant to the accused products." *Id.* at 7.

Again, Defendant cites cases limiting admissibility, rather than discoverability, in support of its argument. In *LaserDynamics*, the Federal Circuit found that the District Court had erred in admitting a particular settlement license into evidence. *See* 694 F.3d at 77. The Court noted that "[t]he propriety of using prior settlement agreements to prove the amount of a reasonable royalty is questionable," but cited another Federal Circuit case, *ResQNet.com*, that allowed the introduction of a settlement license because it was "the most reliable license in [the] record." *See id.* (citing *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 870 (Fed. Cir. 2010)). Here, it is unclear whether the Spring Design License will ultimately be admissible. But at this stage of the proceedings, it is relevant under the broad discovery standards.[3]

### III. Conclusion

For the reasons explained above, Plaintiff's request to compel production of the discovery sought is granted. Defendant shall produce the discovery within 14 days of the date of this order.

IT IS SO ORDERED.

Dated: March 25, 2013

*Kandis Westmore*

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

---

[3] This order makes no ruling on the discoverability of any documents related to the Spring Design settlement other than the license itself.

5