United States District Court
Northern District of California

POSTIVE TECHNOLOGIES, INC.,

    Plaintiff,

v.

SONY ELECTRONICS, INC, et al.,

    Defendants.

Case No.: 11-cv-2226 SI (KAW)

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR A PROTECTIVE ORDER

    This patent case, in which Plaintiff Positive Technologies alleges that Defendant Amazon ("Defendant") and other Defendants have infringed on several of its patents, has been referred to the undersigned for discovery purposes.

    Plaintiff and Defendant have filed a joint statement regarding a discovery dispute over the deposition of Plaintiff's expert, Dr. Alan Sobel. *See* Dkt # 431. Plaintiff seeks a protective order barring Defendant from questioning Sobel on certain topics. For the following reasons, Plaintiff's request for a protective order is granted in part and denied in part.

**I.    Background**

    According to Defendant's section of the joint statement, Robert Hotto, the inventor of the patents-in-suit, sought assistance from Dr. Sobel in making his patents work. Hotto conferred with Sobel for several years in the mid-1990s about the ideas described in the patents.

    This case was filed in July 2010. In December 2011, Plaintiff submitted Sobel's declarations in support of its opposition to Defendant's motion for partial summary judgment regarding the invalidity of the patents-in-suit. Defendant did not depose Sobel in connection with the motion for summary judgment. Judge Illston denied the motion in January 2012.

Plaintiff has not, and states that it will not, designate Sobel as a testifying expert at trial. However, Plaintiff reserves the right to designate Sobel as a rebuttal expert after Amazon designates its expert on the validity of the patents-in-suit.[1]

Plaintiff argues that because Sobel has not been designated as a testifying expert, and is merely a consulting expert, Federal Rule of Civil Procedure 26(b)(4)(D) ("Expert Employed Only for Trial Preparation") proscribes his deposition on the following topics: opinions expressed or facts relied on in his declaration; work-product or privileged information related to the declaration; his expert opinions related to the patents-in-suit or prior art;[2] and his opinions developed prior to the inception of the litigation, or as an expert consultant for prior counsel for Plaintiff.[3]

Defendant argues that because Sobel has submitted sworn testimony in this case, he cannot retain the status of a consulting expert. Defendant argues that it is entitled to depose Sobel regarding the subject matter of his declaration; information he acquired or opinions formed before this lawsuit was filed; and any underlying communications regarding the declaration.

The parties have suggested proposed compromises that narrow the scope of their dispute. Plaintiff agrees to allow Defendant to depose Sobel about information, but not his expert opinions, that was not acquired in preparation for trial, but through his interactions with Hotto before he began working for Plaintiff. Defendant agrees to refrain from questioning Sobel on the content of any privileged communications with counsel for Plaintiff.[4]

---

[1] The deadline for expert designations is May 17, 2013, and the deadline for rebuttal expert designations is June 14, 2013. *See* Dkt # 359.

[2] Defendant does not argue that it is entitled to discovery of Sobel's opinions related to the patents-in-suit or prior art, except to the extent that the opinions related to the opinions Sobel expressed in his declaration.

[3] Although the joint statement is unclear, it appears that Plaintiff is referring to prior counsel for Plaintiff in this litigation.

[4] Because Defendant argues in its joint statement that Plaintiff "waived any work-product or other privilege for communications underlying" the declaration, the Court assumes that Defendant's suggested compromise that it refrain from questioning Sobel "on the content of any privileged communications with counsel for [Plaintiff]," refers to both attorney-client privileged and work-product privileged communications. *See* Joint Statement at 9. The Court further assumes that this includes communications with prior counsel for Plaintiff in this litigation. *See supra* n.2.

## II. Analysis

The Court will accept both parties' proposed compromises, and will resolve only those issues on which the parties have not been able to come to a mutually agreeable compromise. Thus, the Court must decide whether Defendant is entitled to depose Sobel on the following subject matter: opinions expressed and facts relied on in his declaration, and opinions that were formed prior to the inception of this litigation.

### A. The opinions expressed and facts relied upon in Sobel's declaration are not protected from discovery.

The Court finds that opinions expressed and facts relied upon in Sobel's declaration submitted in support of Plaintiff's opposition to Defendant's motion for partial summary judgment are discoverable. To begin with, parties may obtain discovery of any non-privileged matter that is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. 26(b)(1).

Federal Rule of Civil Procedure 26(b)(4)(D), which protects discovery of facts known or opinions held by an "Expert Employed Only for Trial Preparation,"[5] does not apply to the opinions expressed or facts relied upon in Sobel's declaration. The declaration was submitted to the Court as sworn testimony in support of Plaintiff's opposition to Defendant's motion for summary judgment. Thus, Sobel was not retained *only* for the purpose of trial preparation, and Rule 26(b)(4)(D) does not prevent his deposition on subjects related to his declaration.

In a 2006 Northern District decision, the Court held that when a party had opened the door to expert testimony by submitting the testimony of its expert in summary judgment proceedings, the opposing party was entitled to depose the expert about the subject of the testimony. *See Sims v. Metropolitan Life Ins. Co.*, No. C-05-02980, 2006 WL 3826716 at *2 (N.D. Cal. 2006). The Court explained that "[s]ubmitting sworn testimony is incompatible with retaining the status of a mere consulting expert immune from discovery." *Id. Sims* reasoned that affidavits and

---

[5] This rule states: "Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only: (i) as provided in Rule 35(b); or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D).

3

depositions are a substitute for live testimony at trial, and that, therefore, even though the experts had not been disclosed as testifying experts, they did not retain the status of a consulting expert. *Id.* However, the *Sims* Court limited the scope of the deposition to the statements in their declarations. *Id.* at *3.

The reasoning in *Sims* applies to this case. Because Plaintiff filed Sobel's declaration during summary judgment proceedings, and the declaration is sworn testimony similar to testimony at trial, Plaintiff cannot now claim that Sobel is merely a consulting expert with respect to the subjects raised in his declaration. *See also SEC v. Reyes*, No. C 06–04435, 2007 WL 963422 at *1-*2 (N.D. Cal. 2007) (holding that when an expert alternately serves as a litigation consultant and a testifying witness, only materials that do not pertain to the subject matter on which the experts have submitted testimony are protected by the work-product privilege).

Plaintiff argues that because the motion for summary judgment has been denied, the Sobel declaration thus is no longer relevant to this case. But Sobel's opinions, and the facts he relied upon, related to the declaration, appear to be reasonably calculated to lead to the discovery of admissible evidence regarding the validity of the patents-in-suit. Indeed, Sobel's declaration may have contributed to the denial of Defendant's motion for summary judgment. Accordingly, it appears that Defendant has met its initial burden of showing relevance for the purposes of discovery. It is then Plaintiff's burden to show why the information is protected from discovery, which it has failed to do.

Plaintiff further argues that a testifying expert may be re-designated as a non-testifying, consulting, expert, and that such a re-designation protects the expert from discovery unless "exceptional circumstances" are present. *See* Joint Statement at 4; Fed. R. Civ. P. 26(b)(4)(D) (facts known or opinions held of expert employed only for trial preparation not discoverable absent exceptional circumstances). In support of this argument, Plaintiff cites several distinguishable cases. In *Feist*, Judge Illston found that a magistrate judge's decision to quash deposition subpoenas of a non-testifying expert who had submitted declarations earlier in the proceedings in support of a motion to quash and a sanctions motion was not "clearly erroneous or contrary to law." *Feist v. RCN Corp.*, Nos. 12–mc–80135, 12–mc–80119, 12–mc–80121, 12–

4

mc–80140, 2012 WL 5412362 at *3 (N.D. Cal. 2012). The facts in *Feist* are different than the facts here, because there was no indication in *Feist* that the subject matter on which the expert opined in support of the motion to quash and the motion for sanctions was relevant to the substantive issues at trial. *See id.* at n.7 ("The Court . . . rejects PaxFire's arguments that by submitting a declaration in support of the motion to quash the subpoenas and by submitting a declaration in the underlying action on Feist's motion for sanctions, Eckersley and EFF have waived any otherwise applicable protections. Declarations in support of a motion to quash or a motion for sanctions do not go to the merits of the claims alleged, and, therefore, cannot operate as a waiver for purposes of merits-based discovery."). Here, Sobel's testimony was submitted in relation to a motion for summary judgment, and relates to the validity of the patents-in-suit, which will likely be a key issue at trial.

      Plaintiff also cites several district court cases that are distinguishable on the basis that the experts in those cases were re-designated before they submitted any testimony to the Court. *See R.C. Olmstead, Inc. v. CU Interface*, 657 F. Supp. 2d 899, 904 (N.D. Ohio 2009) (expert protected from deposition where he was re-designated as a non-testifying expert before providing any testimony to the Court, and his testimony would not be used at summary judgment)*; Fed. Ins. Co. v. St. Paul Fire & Marine Ins. Co*., No. C05-01878, 2008 WL 761417 at *2 (N.D. Cal. Mar. 19, 2008) (same); *Estate of Manship v. United States*, 240 F.R.D. 229, 237 (M.D. La. 2006) (re-designation of experts who had not provided any expert reports or testimony). These cases do not assist Plaintiff here. Plaintiff's expert was not re-designated as a non-testifying expert before providing testimony to the Court, and his testimony was used at summary judgment. As such, Plaintiff's reliance on these cases is misguided.

      **B. Sobel's opinions formed prior to the inception of this litigation are not protected from discovery.**

      Plaintiff argues that Sobel's opinions that were formed prior to the inception of this litigation are not discoverable, because they are protected by Rule 26(b)(4)(D). As noted above, this rule does not protect *all* of Sobel's opinions, because Sobel has not acted solely as an expert employed *only* for trial preparation. Before this case began, and before Sobel was retained as an

5

expert by Plaintiff, any opinions Sobel had formed were unrelated to his role as a consultant for Plaintiff. Rather, they were related to his knowledge of facts acquired through his interactions with Hotto.

The designation of Sobel as a consultant for Plaintiff does not "transmute the experience that the expert witness acquired as an actor into experience that he acquired in anticipation of litigation or for trial." *Atari Corp. v. Sega of Am.*, 161 F.R.D. 417, 421 (N.D. Cal. 1994) (holding that "an expert may be deposed concerning information acquired or opinions formed prior to his employment by a party"). *See also Synopsys, Inc. v. Ricoh Co., Ltd.*, No. C03-2289, 2006 WL 2458721 *2 (N.D. Cal. 2006) (citing *Atari*); *Barkwell v. Sturm Ruger Co., Inc.*, 79 F.R.D. 444, 446-47 (D. Alaska 1978) ("Rule 26(b)(4)(B)[6] by its very terms applies only to 'facts known and opinions held by experts . . . acquired or developed in anticipation of litigation,'" and therefore expert witness was subject to a deposition as a fact witness regarding information acquired and opinions held prior to his retention).

Plaintiff argues that the *Feist* case supports its argument that a non-testifying expert's opinions formed prior to litigation are protected. In *Feist*, Judge Illston found that the defendant "ha[d] not shown" that Rule 26(b)(4)(D) did not protect opinions developed before an expert's first contact with counsel, and therefore did not permit the defendant in that case to discover the expert's facts or opinions developed prior to the inception of the litigation. *Feist*, 2012 WL 5412362 at *4. There was no indication that the defendant in that case sought to depose the expert regarding his percipient knowledge of facts relevant to the case, or regarding opinions based only on those facts. Instead, it appeared that the defendant wished to "short-cut its own experts' work." *Id.* Here, in contrast, Sobel has percipient knowledge that is relevant to this case. Defendant seeks to discover any opinions he may have formed based on those facts, before he was an expert for Plaintiff.

In addition, the *Feist* Court noted that the deposition subpoena in that case implicated Federal Rule of Civil Procedure 45(c)(3)(B)(ii), under which a subpoena may be quashed if it seeks "an unretained expert's opinion or information that does not describe specific occurrences in

---

[6] Former Rule 26(b)(4)(B) was renumbered as Rule 26(b)(4)(D) in 2010.

6

dispute and results from the expert's study that was not requested by a party." In *Feist*, the defendant was attempting to discover a non-party's intellectual property, and the information the defendant sought was available to its own experts. *Id.* This section of Rule 45 is intended to protect the intellectual property of a non-party witness; it does not apply to experts who are retained by a party. Fed. R. Civ. P. 45 advisory committee note, 1991 amendment. The advisory committee notes explain that the Rule was intended to prevent the "taking" of intellectual property and denying experts the right to bargain for their services. *Id.* Here, no non-party intellectual property is at stake. Sobel is a retained expert, and he has percipient knowledge of facts acquired through his pre-litigation interactions with Hotto. He presumably developed any opinions he had formed before the inception of this litigation through this interaction. Accordingly, Rule 45(c)(3)(B)(ii) does not apply, and *Feist* is not on point for the purposes of this issue.

## III. Conclusion

For the reasons explained above, Plaintiff's request for a protective order barring the deposition of Sobel is granted in part and denied in part. Defendant may depose Sobel only on the following topics: the subject matter of his declaration, and facts and opinions he acquired and developed through his interactions with Hotto before he was retained by Plaintiff. Defendant may not depose Sobel regarding the content of any privileged communications with counsel for Plaintiff.

IT IS SO ORDERED.

Dated: April 5, 2013

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE